## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **TRISTATE CAPITAL BANK** | ) | CASE NO. 1:09 CV 1455 |
| | ) | |
| Plaintiff | ) | Judge Solomon Oliver, Jr., |
| v. | ) | |
| | ) | |
| **RED ROCK STAMPTIN LLC,** et al. | ) | **ANSWER OF DEFENDANT** |
| Defendants | ) | **CHARLES T. SCHIAVELLO** |
| | ) | |

Now come Defendant, Charles T. Schiavello, and for his answer to the Complaint filed by TriState Capital Bank, states as follows:

1. Defendant Schiavello is without knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraphs 1, 2, 3, 4, 5, 6 and 7 of the complaint and therefore denies the same.

2. Defendant Schiavello admits the allegations contained in paragraph 8 of the complaint.

3. As to the allegations set forth in paragraph 9 of the complaint, Defendant Schiavello specifically denies having any ownership or control over any entity defendant, receiving any management or consulting fees, being a primary contact with plaintiff, and instructing and directing Red Rock and Tremont on all bookkeeping and accounting matters. As it pertains to the remaining allegations of said paragraph, Defendant Schiavello is without knowledge sufficient to form a belief as to the truth contained therein and therefore denies the same.

4. Defendant Schiavello is without knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraphs 10 and 11 of the complaint and therefore denies the same.

5. As to the allegations set forth in paragraph 12 of the complaint, Defendant Schiavello states that the loan documents attached to the complaint as exhibits speak for themselves, such that no responsive pleading is required. Further, Defendant Schiavello states that he had no interaction or involvement with Plaintiff during the loan negotiation and closing process.

6. As to the allegations set forth in paragraph 13 of the complaint, Defendant Schiavello admits that borrowing base certificates ("BBC") may have been submitted to plaintiff for May through September, 2008. Defendant Schiavello states that customers TRW and Autoliv were not entitled to offsets during the period May through September 2008. Therefore, no offsets should have been reflected with respect to the accounts receivable owed by TRW and Autoliv as shown on the April through September, 2008 BBC submissions. As it pertains to the remaining allegations of said paragraph, Defendant Schiavello is without knowledge sufficient to form a belief as to the truth contained therein and therefore denies the same.

7. Defendant Schiavello denies that a BBC was submitted to plaintiff in November, 2008, as is alleged in paragraph 14 of the complaint and therefore denies this allegation in its entirety.

8. Defendant Schiavello denies the allegations set forth in paragraphs 15, 16, and 17 of the complaint.

9. As Defendant Schiavello had separated his employment with CCG on January 21, 2009, and because the allegations set forth in paragraphs 18 through 21 concern events subsequent to that date, Defendant Schiavello is without knowledge sufficient to form a belief as to the truth of the allegations set forth in said paragraphs 18, 19, 20 and 21 of the complaint and therefore denies the same.

10. Defendant Schiavello is without knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraphs 22 and 23 of the complaint and therefore denies the same.

11. As to the allegations set forth in paragraphs 24, 25 and 26 of the complaint, Defendant Schiavello states that the Credit Agreement speaks for itself, such that no responsive pleading is required. Notwithstanding such fact, as Defendant Schiavello had separated his employment with CCG on January 21, 2009, and because the allegations set forth in these paragraphs concern events subsequent to that date, Defendant Schiavello is without knowledge sufficient to form a belief as to the truth of the allegations set forth in said paragraphs and therefore denies the same.

12. As Defendant Schiavello had separated his employment with CCG on January 21, 2009, and because the allegations set forth in paragraphs 27 through 36 concern events subsequent to that date, Defendant Schiavello is without knowledge sufficient to form a belief as to the truth of the allegations set forth in said paragraphs 27, 28, 29, 30, 31, 32, 33, 34, 35 and 36 of the complaint and therefore denies the same.

13. As to the allegations set forth in paragraph 37 of the complaint, Defendant Schiavello states that the Loan Documents speak for themselves. Further, As Defendant Schiavello had separated his employment with CCG on January 21, 2009, and because the allegations set forth in paragraph 37 concerns events subsequent to that date, Defendant Schiavello is without knowledge sufficient to form a belief as to the truth of the allegations set forth in said paragraph 37 of the complaint and therefore denies the same.

14. As Defendant Schiavello had separated his employment with CCG on January 21, 2009, and because the allegations set forth in paragraphs 38 through 40 concern events subsequent to that date, Defendant Schiavello is without knowledge sufficient to form a belief as to the truth of the allegations set forth in said paragraphs 38, 39 and 40 of the complaint and therefore denies the same.

15. As to the allegations set forth in paragraph 41 of the complaint, Defendant Schiavello specifically denies any wrongdoing and denies participating in any activities that were false or fraudulent.

16. As Defendant Schiavello had separated his employment with CCG on January 21, 2009, and because the allegations set forth in paragraphs 42 and 43 concern events subsequent to that date, Defendant Schiavello is without knowledge sufficient to form a belief as to the truth of the allegations set forth in said paragraphs and therefore denies the same.

        Further, Defendant Schiavello specifically denies any wrongdoing as is alleged in said paragraphs of the complaint.

17. Defendant Schiavello is without knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the complaint and therefore denies the same.

18. As Defendant Schiavello had separated his employment with CCG on January 21, 2009, and because the allegations set forth in paragraph 45 concern events subsequent to that date, Defendant Schiavello is without knowledge sufficient to form a belief as to the truth of the allegations set forth in said paragraph and therefore denies the same. Further, Defendant Schiavello specifically denies any wrongdoing as is alleged in said paragraph of the complaint.

19. As to the allegations set forth in paragraph 46 of the complaint, Defendant Schiavello states that the Credit Agreement speaks for itself, such that no responsive pleading is required.

20. As to the allegations set forth in paragraph 47 of the complaint, Defendant Schiavello denies hiding credits and omitting deductions of credits or any other wrongdoing alleged by plaintiff.

21. Defendant Schiavello is without knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the complaint and therefore denies the same.

22. As to the allegations set forth in paragraph 49 of the complaint, Defendant Schiavello admits that on the BBC's that were submitted while he was employed by CCG, inventory value was listed on the BBC.

23. Defendant Schiavello is without knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraphs 50 through 53 or, additionally or alternatively, the allegations set forth in paragraphs 50 through 53 concern events subsequent to his separation date from CCG on January 21, 2009. Defendant Schiavello therefore specifically denies any wrongdoing as is alleged in paragraphs 50, 51, 52, and 53 of the complaint.

24. Defendant Schiavello is without knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the complaint and therefore denies the same.

25. As to the allegations set forth in paragraph 55 and 56 of the complaint, Defendant Schiavello states that the Subordination Agreement speaks for itself, such that no responsive pleading is required.

26. Defendant Schiavello is without knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraphs 57 through 59 or, additionally or alternatively, the allegations set forth in paragraphs 57 through 59 concern events subsequent to his separation date from CCG on January 21, 2009. Defendant Schiavello therefore specifically denies any wrongdoing as is alleged in paragraphs 57, 58, and 59 of the complaint. Defendant Schiavello further denies receiving any management or consulting fees. Defendant Schiavello further states that he did not manage, oversee, or control the cash management function for any of the entity defendants.

27. As to the allegation set forth in paragraphs 60 of the complaint, Defendant Schiavello states that the Credit Agreement speaks for itself, such that no responsive pleading is required.

28. As Defendant Schiavello had separated his employment with CCG on January 21, 2009, and because the allegations set forth in paragraphs 61 through 63 concern events subsequent to that date, Defendant Schiavello is without knowledge sufficient to form a belief as to the truth of the allegations set forth in said paragraphs and therefore denies the same. Further, Defendant Schiavello specifically denies having possession of any additional collateral and business records and any wrongdoing as is alleged in said paragraphs of the complaint.

29. Defendant Schiavello is without knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraphs 64 through 66 of the complaint and therefore denies the same.

30. As to the allegations set forth in paragraph 67 of the complaint, Defendant Schiavello denies being a duly elected officer of CCG or any other entity defendant, not withstanding the title chief financial officer of CCG (see, for example, Exhibit D of plaintiff's Exhibit A attached to the complaint). Further, Defendant Schiavello denies that he created and directed all account entries, BBC submissions, and other reports. Defendant Schiavello was a "plant level" employee that took direction and directives from others at CCG and the related entity defendants; he had no power or authority to

bind any of the entity defendants with regard to the Loan Documents; he did not manage, control, or oversee the cash management function for any of the entity defendants and he had four to five individuals employed at the entity defendants to whom he had reporting requirements, all of who were permitted to direct, oversee, manage and supervise Defendant Schiavello's job duties as well as whatever BBC or financial reports were submitted through January 21, 2009.

31. Defendant Schiavello denies being Plaintiff's primary contact from commencement of the relationship and throughout the wind down process and therefore denies the allegations set forth in paragraph 68 of the complaint. Patrick James was the plaintiff's primary contact.

32. Defendant Schiavello denies the allegations set forth in paragraph 69 of the complaint. Defendant Schiavello was a "plant level" employee that took direction and directives from others at CCG and the related entity defendants; he had no power or authority to make material management decisions and to exercise complete control and dominance over entity defendants Red Rock and/or Tremont; and he had four to five individuals employed at the entity defendants to whom he had reporting requirements, all of who were permitted to direct, oversee, manage and supervise Defendant Schiavello's job duties.

33. As to the allegations contained in paragraph 70 of the complaint, Defendant Schiavello reincorporates his answers as if fully rewritten herein.

34. Defendant Schiavello denies the allegations set forth in paragraphs 71, 72, 73, 74, 75 and 76 of the complaint.

35. Defendant Schiavello is without knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 77 of the complaint and therefore denies the same.

36. Defendant Schiavello denies the allegations set forth in paragraphs 78 and 79 of the complaint.

37. Defendant Schiavello is without knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraphs 80 and 81 of the complaint and therefore denies the same.

38. Defendant Schiavello denies the allegations set forth in paragraphs 82 and 83 of the complaint.

39. As to the allegations contained in paragraph 84 of the complaint, Defendant Schiavello reincorporates his answers as if fully rewritten herein.
40. Defendant Schiavello is without knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraphs 85 through 87 of the complaint or, additionally or alternatively, the allegations set forth in paragraphs 85 through 87 concern events subsequent to his separation date from CCG on January 21, 2009. Defendant Schiavello therefore specifically denies any wrongdoing as is alleged in paragraphs 85, 86, and 87 of the complaint.
41. Defendant Schiavello denies the allegations set forth in paragraph 88 of the complaint.
42. Defendant Schiavello is without knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraphs 89 through 92 of the complaint or, additionally or alternatively, the allegations set forth in paragraphs 89 through 92 concern events subsequent to his separation date from CCG on January 21, 2009. Defendant Schiavello therefore specifically denies any wrongdoing as is alleged in paragraphs 89, 90, 91, and 92 of the complaint.
43. Defendant Schiavello denies the allegations set forth in paragraphs 93, 94 and 95 of the complaint.
44. As to the allegations contained in paragraph 96 of the complaint, Defendant Schiavello reincorporates his answers as if fully rewritten herein.
45. Defendant Schiavello denies the allegations set forth in paragraphs 97, 98, 99, 100, 101 and 102 of the complaint.
46. As to the allegations contained in paragraph 103 of the complaint, Defendant Schiavello reincorporates his answers as if fully rewritten herein.
47. As Defendant Schiavello had separated his employment with CCG on January 21, 2009, and because the allegations set forth in paragraphs 104, 105, and 106 concern events subsequent to that date, Defendant Schiavello is without knowledge sufficient to form a belief as to the truth of the allegations set forth in said paragraphs and therefore denies the same.  Further, Defendant Schiavello specifically denies any wrongdoing as is alleged in said paragraphs of the complaint.
48. Defendant Schiavello denies the allegations set forth in paragraphs 107, 108, and 109 of the complaint.

49. As Defendant Schiavello had separated his employment with CCG on January 21, 2009, and because the allegations set forth in paragraphs 110, 111, 112, and 113 concern events subsequent to that date, Defendant Schiavello is without knowledge sufficient to form a belief as to the truth of the allegations set forth in said paragraphs and therefore denies the same. Further, Defendant Schiavello specifically denies any wrongdoing as is alleged in said paragraphs of the complaint.

50. Defendant Schiavello denies the allegations set forth in paragraph 114 of the complaint.

51. As to the allegations contained in paragraph 115 of the complaint, Defendant Schiavello reincorporates his answers as if fully rewritten herein.

52. As Defendant Schiavello had separated his employment with CCG on January 21, 2009, and because the allegations set forth in paragraphs 116 through 123 concern events subsequent to that date, Defendant Schiavello specifically denies all allegations and any wrongdoing as is alleged in said paragraphs of the complaint. Defendant Schiavello further states that he is not in possession of any collateral or business records described in said paragraphs.

53. As to the allegations contained in paragraph 124 of the complaint, Defendant Schiavello reincorporates his answers as if fully rewritten herein.

54. Defendant Schiavello is without knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 125 of the complaint and therefore denies the same.

55. As Defendant Schiavello had separated his employment with CCG on January 21, 2009, and because the allegations set forth in paragraph 126 concern events subsequent to that date, Defendant Schiavello is without knowledge sufficient to form a belief as to the truth of the allegations set forth in said paragraphs and therefore denies the same. Notwithstanding such fact, Defendant Schiavello specifically denies being Plaintiff's primary contact throughout the wind down process as is alleged in paragraph 126 of the complaint.

56. As to the allegations contained in paragraph 127 of the complaint, Defendant Schiavello denies that he directed and controlled Red Rock and Tremont accounting practices. Defendant Schiavello was a "plant level" employee that took direction and directives from others at CCG and the related entity defendants; he had no power or authority to bind any of the entity defendants with regard to financial information submitted to

plaintiff or others; he did not manage, control, or oversee the cash management function for any of the entity defendants and he had four to five individuals employed at the entity defendants to whom he had reporting requirements, all of who were permitted to direct, oversee, manage and supervise Defendant Schiavello's job duties.

57. Defendant Schiavello denies the allegations set forth in paragraphs 128 and 129 of the complaint.

58. Defendant Schiavello is without knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraphs 130 and 131 of the complaint or, additionally or alternatively, the allegations set forth in paragraphs 130 and 131 concern events subsequent to his separation date from CCG on January 21, 2009. Defendant Schiavello therefore specifically denies any wrongdoing as is alleged in paragraphs 130 and 131 of the complaint.

59. As to the allegations contained in paragraph 132 of the complaint, Defendant Schiavello states that he was not and is currently not in possession of any collateral or business records. Further, Defendant Schiavello specifically denies any wrongdoing as is alleged in said paragraph of the complaint.

60. Defendant Schiavello denies the allegations set forth in paragraphs 133, 134, 135, 136, 137, 138, 139 and 140 of the complaint. As is set forth above, Defendant Schiavello was never an owner, director or officer of any of the entity defendants and did not possess the actual or apparent authority to bind any said defendant to any action or course of conduct and never communicated with plaintiff for the purpose of defrauding plaintiff with regards to the loans made to the entity defendant(s).

61. Defendant Schiavello denies each and every other allegation set forth in the complaint which is not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The complaint fails to state a claim upon which relief can be granted.
2. Plaintiff lacks privity with Defendant Schiavello.
3. Any and all damages alleged to have been suffered by plaintiff was or may have been the result of the actions or omissions of plaintiff and/or the actions of others.
4. Plaintiff's claims are barred by the doctrine of unclean hands and *in para delicto.*

5. Plaintiff is not entitled to injunctive relief against Defendant Schiavello.

6. Plaintiff has failed to allege fraud with sufficient specificity, as it relates to Defendant Schiavello.

7. Plaintiff has failed to join all necessary and indispensible parties, as required by Rule 19, Fed. R.C.P.

8. Defendant Schiavello reserves the right to assert affirmative defenses as discovery in this case progresses.

                                     Respectfully Submitted,

*/s/ Christopher J. Freeman*
Christopher J. Freeman (#0055983)
P.O. Box 401
Medina, OH 44258-0401
phone: (330) 722-7278
fax: (330) 722-7249
Attorney for Defendant
Charles T. Schiavello

**CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2009, a copy of the foregoing Answer to Plaintiff's Complaint was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Further, for parties not yet filing a responsive pleading, the undersigned hereby certifies that a copy of the foregoing Answer was sent by regular U.S. Mail to the following:

RED ROCK STAMPING, LLC
TREMONT MANUFACTURING, LLC
HAWTHORN MANUFACTURING CORPORATION
COLUMBUS COMPONENTS GROUP, LLC

    All served via statutory agent:

    Bbd Agent Co.
    3800 Embassy Parkway, Ste. 300
    Akron, OH 44333

PATRICK JAMES
ELIZABETH JAMES
1567 North Ridge
Novelty, OH 44072

                                       */s/ Christopher J. Freeman*
                                       Christopher J. Freeman

Case: 1:09-cv-01455-SO Doc #: 11 Filed: 07/17/09 11 of 11. PageID #: 293