UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TRISTATE CAPITAL BANK | ) | CASE NO. 1:09-cv-01455-SO |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| vs. | ) | **PLAINTIFF TRISTATE CAPITAL** |
| | ) | **BANK'S MOTION FOR LEAVE TO** |
| RED ROCK STAMPING LLC, et al. | ) | **SERVE DISCOVERY IN ADVANCE** |
| | ) | **OF THE CASE MANAGEMENT** |
| Defendants | ) | **CONFERENCE** |

Plaintiff Tristate Capital Bank ("Tristate") respectfully asks the Court for leave to serve discovery in advance of the Case Management Conference ("CMC").

The "Notice: Case Management Conference" (Document #13) in this case states that "[p]ursuant to LR 26.2, counsel are reminded that no preliminary formal discovery may be conducted prior to the CMC".

As an initial matter, it should be noted that LR 26.2 was deleted on September 23, 2002. It is therefore unclear whether the standing order contained in the Notice is still in effect. But assuming that it is, there is nevertheless good reason for allowing Tristate to serve discovery in advance of the CMC.

As alleged in the complaint, Tristate discovered that it was entitled to recover on the claims that it brings in this action largely "[b]y piecing together seemingly unrelated entries, invoices, and credit memos". Complaint ¶ 50. Tristate also alleges that the Defendants have engaged in a pattern of hiding documents and information from Tristate that Tristate is entitled

to. *See*, *e.g.*, *id.* ¶ 63 ("Despite repeated demands from Tristate, Defendants have refused to turn over all of Red Rock and Tremont's Collateral and Business Records").

As alleged in the Complaint, "[w]ithout the Business Records, Tristate is incapable of fully collecting receivables from Red Rock and Tremont's customers, as Tristate is entitled to do under the terms of the Loan Documents and the Wind Down Agreement." *Id.* ¶ 64.

Tristate also alleges that upon information and belief, the Defendants have wrongfully transferred inventory and money from Red Rock and Tremont to the other Defendants. *See id.* Count II.

There are therefore at least four reasons why Tristate should be allowed to engage in discovery as soon as possible:

(1) Tristate may have additional claims for damages of which it is not aware due to Defendants' practice of hiding documents and other information from Tristate. In the interests of justice and judicial economy, Tristate should be allowed to learn of any additional claims that it may have as soon as possible.

(2) Tristate should be allowed to use discovery and the rights provided by the Rules of Civil Procedure to put additional pressure on Defendants to produce documents and information that rightfully belong to Tristate, and Tristate should be allowed to seek this information from non-parties.

(3) Tristate should be allowed to gather whatever information it can that will aid it in recovering accounts receivable for Red Rock and Tremont in order to minimize its damages in this action. This is not only in Tristate's interest, but the interest of the Defendants as well.

      (4)    In the interests of justice and judicial economy, Tristate should be allowed to gather whatever information it can related to any illegal transferring of inventory and/or money as soon as possible. Tristate fears that the longer the delay in obtaining this information, the less likely it is that Tristate will be able to recover its damages.

Tristate therefore respectfully requests that it be allowed to serve discovery in advance of the CMC.[1] A proposed order granting this motion is attached.

/s/ Brad A. Sobolewski
Brad A. Sobolewski (0072835)
ULMER & BERNE LLP
Skylight Office Tower
1660 West 2nd Street, Suite 1100
Cleveland, OH 44113-1448
Tel: (216) 583-7000
Fax: (216) 583-7001
bsobolewski@ulmer.com
Attorney for Plaintiff

---

[1] Tristate has no objection to the Defendants also being allowed to engage in discovery in advance of the CMC.

32568.2 \1787681

3

## **CERTIFICATE OF SERVICE**

I hereby certify that the original of this document has been electronically filed with the Clerk of the Court; and that a true copy of this document has been forwarded to the parties via e-mail, on this 31st of July, 2009.

/s/ Brad A. Sobolewski
Attorney for Plaintiff

32568.2 \1787681

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TRISTATE CAPITAL BANK | ) | CASE NO. 1:09-cv-01455-SO |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| vs. | ) | **PROPOSED ORDER GRANTING** |
| | ) | **PLAINTIFF TRISTATE CAPITAL** |
| RED ROCK STAMPING LLC, et al. | ) | **BANK'S MOTION FOR LEAVE TO** |
| | ) | **SERVE DISCOVERY IN ADVANCE** |
| Defendants | ) | **OF THE CASE MANAGEMENT** |
| | ) | **CONFERENCE** |

Plaintiff Tristate Capital Bank's Motion for Leave to Serve Discovery in Advance of the Case Management Conference is hereby granted.

_____
JUDGE SOLOMON OLIVER, JR.