**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| TRISTATE CAPITAL BANK, ) | CASE NO. 1:09 CV 1455 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE OLIVER |
| ) | |
| RED ROCK STAMPING LLC, et al., ) | **ANSWER OF DEFENDANT** |
| ) | **COLUMBUS COMPONENTS GROUP,** |
| ) | **LLC TO PLAINTIFF'S COMPLAINT** |
| ) | |
| Defendants. ) | |

For its Answer to the Complaint of Plaintiff Capital Bank, Defendant Columbus Components Group, LLC ("CCG"), through counsel, states and avers as follows:

1. CCG denies the allegations contained in Paragraphs 1 through 4 of the Complaint for want of knowledge.

2. CCG admits the allegations contained in Paragraph 5 of the Complaint.

3. CCG denies the allegations contained in Paragraphs 6 through 8 of the Complaint for want of knowledge.

4. CCG denies the allegations contained in Paragraph 9 of the Complaint as they pertain to CCG, and denies all remaining allegations therein for want of knowledge.

5. CCG admits the allegations contained in Paragraphs 10 and 11 of the Complaint.

6. CCG denies the allegations contained in Paragraphs 12 through 49 of the Complaint for want of knowledge.

7. CCG denies the allegations contained in Paragraphs 50 through 53 of the Complaint as they pertain to CCG, and denies all remaining allegations therein for want of knowledge.

8. CCG denies the allegations contained in Paragraphs 54 through 65 of the Complaint for want of knowledge.

9. Answering Paragraph 66 of the Complaint, CCG admits that Patrick James, through subsidiaries, has an indirect ownership interest in CCG. CCG denies all remaining allegations contained in Paragraph 66 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

10. CCG admits that Schiavello has at certain times been titled as CCG's chief financial officer, as alleged in Paragraph 67 of the Complaint. CCG denies all remaining allegations contained in Paragraph 67 of the Complaint as they pertain to it, and denies all remaining allegations contained therein for want of knowledge.

11. CCG denies the allegations contained in Paragraphs 68 and 69 of the Complaint as they pertain to CCG, and denies all remaining allegations therein for want of knowledge.

12. Answering Paragraph 70 of the Complaint, CCG incorporates by reference its responses and averments to Paragraphs 1 through 69 of the Complaint as set forth above, each as if fully rewritten herein. CCG denies all remaining allegation contained in Paragraph 70 of the Complaint.

13. CCG denies the allegations contained in Paragraphs 71 through 83 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

14. Answering Paragraph 84 of the Complaint, CCG incorporates by reference its responses and averments to Paragraphs 1 through 83 of the Complaint as set forth above, each as if fully rewritten herein. CCG denies all remaining allegation contained in Paragraph 84 of the Complaint.

15. CCG denies the allegations contained in Paragraphs 85 through 95 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

16. Answering Paragraph 96 of the Complaint, CCG incorporates by reference its responses and averments to Paragraphs 1 through 95 of the Complaint as set forth above, each as if fully rewritten herein. CCG denies all remaining allegation contained in Paragraph 96 of the Complaint.

17. CCG denies the allegations contained in Paragraphs 97 through 102 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

18. Answering Paragraph 103 of the Complaint, CCG incorporates by reference its responses and averments to Paragraphs 1 through 102 of the Complaint as set forth above, each as if fully rewritten herein. CCG denies all remaining allegation contained in Paragraph 103 of the Complaint.

19. CCG denies the allegations contained in Paragraphs 104 through 114 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

20. Answering Paragraph 115 of the Complaint, CCG incorporates by reference its responses and averments to Paragraphs 1 through 114 of the Complaint as set forth above, each

as if fully rewritten herein. CCG denies all remaining allegation contained in Paragraph 115 of the Complaint.

21. CCG denies the allegations contained in Paragraphs 116 through 123 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

22. Answering Paragraph 124 of the Complaint, CCG incorporates by reference its responses and averments to Paragraphs 1 through 123 of the Complaint as set forth above, each as if fully rewritten herein. CCG denies all remaining allegation contained in Paragraph 124 of the Complaint.

23. Answering Paragraph 125 of the Complaint, CCG admits that Patrick James, through subsidiaries, has an indirect ownership interest in CCG. CCG denies all remaining allegations contained in Paragraph 66 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

24. CCG denies the allegations contained in Paragraphs 126 through 140 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

25. CCG denies all remaining allegations in Plaintiff's Complaint not specifically addressed above.

## **ADDITIONAL DEFENSES**

26. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted as against CCG.

27. Plaintiff's Complaint is so inartfully pled that it is impossible for CCG to ascertain the basis of the claims asserted against it.

28. Plaintiff's claims are barred, in whole or in part, by the terms of the agreements attached to the Complaint.

29. CCG has fully complied with any duties or obligations it may have had under any of the agreements referenced in or attached to the Complaint.

30. Any inventory provided to CCG from any other Defendant was provided in the ordinary course of business, for valuable consideration, in accordance with the provisions of all applicable and binding agreements and with the knowledge and consent of Plaintiff.

31. Pending discovery, Plaintiff's claims may be barred by the doctrines of laches, estoppel and waiver.

32. Plaintiff's Complaint fails to state a claim for punitive damages or for which punitive damages are available as against CCG.

33. No Defendant or other person/entity exercised such complete control and dominance over CCG such as to render that person/entity Tremont's alter ego.

34. To the extent Plaintiff has suffered any damages, which CCG denies, Plaintiff has failed to mitigate or minimize same.

35. Plaintiff has failed to state a claim for replevin, insofar as it has already been provided with all documents and other materials to which it is entitled under the agreements attached to the Complaint.

36. Plaintiff has failed to plead fraud as against CCG with particularity.

37. Any supposedly fraudulent activities conducted by CCG, which CCG denies, were undertaken with the full knowledge and consent of Plaintiff.

38. Pending discovery, Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

39. Pending discovery, Plaintiff's claims are barred in whole or in part because it is estopped by its own conduct from claiming any right to damages or other relief from Tremont.

40. CCG reserves the right to add additional claims and defenses that may be identified during the course of litigation in this case.

Wherefore, Defendant Columbus Components Group, LLC, through counsel, requests that Plaintiff's Complaint be dismissed with prejudice at Plaintiff's costs, and that Columbus Components Group, LLC be awarded its costs and fees, including its attorneys' fees, and such other and further relief as the Court may deem just under the circumstances.

BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP

By: */s/ Orville L. Reed, III*
Orville L. Reed, III #0023522
Joshua S. Berger  #0068478
3800 Embassy Parkway, Suite 300
Akron, Ohio 44333
Telephone: (330) 376-5300
Facsimile: (330) 258-6559
Email: oreed@bdblaw.com
*Attorney for Defendant*
*Columbus Components Group, LLC*

**CERTIFICATE OF SERVICE**

A copy of the foregoing Answer of Defendant Columbus Components Group, LLC was served electronically via the Court's ECF filing system to all parties entitled to service therein this 21st day of August, 2009.

*/s/ Orville L. Reed, III*
Orville L. Reed, III   #0023522

«AK3:1000138_v1»