# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| TRISTATE CAPITAL BANK, | ) | CASE NO. 1:09 CV 1455 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | JUDGE OLIVER |
| RED ROCK STAMPING, LLC, et al., | ) ) ) ) ) | **ANSWER OF DEFENDANT ELIZABETH JAMES, TRUSTEE OF THE ELIZABETH L. JAMES TRUST TO PLAINTIFF'S COMPLAINT** |
| Defendants. | | |

For her Answer to the Complaint of Plaintiff Capital Bank, Defendant Elizabeth James, in her capacity as Trustee for the Elizabeth L. James Trust ("Trustee"), through counsel, states and avers as follows:

1. Trustee denies the allegations contained in Paragraphs 1 through 5 of the Complaint for want of knowledge.

2. Trustee admits the allegations contained in Paragraphs 6 and 7 of the Complaint.

3. Trustee denies the allegations contained in Paragraph 8 of the Complaint for want of knowledge.

4. Trustee admits the allegations contained in Paragraphs 10 and 11 of the Complaint.

5. Trustee denies the allegations contained in Paragraphs 12 through 69 of the Complaint as they pertain to Trustee, and denies all remaining allegations therein for want of knowledge.

6.      Answering Paragraph 70 of the Complaint, Trustee incorporates by reference her responses and averments to Paragraphs 1 through 69 of the Complaint as set forth above, each as if fully rewritten herein.  Trustee denies all remaining allegation contained in Paragraph 70 of the Complaint.

7.      Trustee denies the allegations contained in Paragraphs 71 through 83 of the Complaint as they pertain to her, and denies all remaining allegations therein for want of knowledge.

8.      Answering Paragraph 84 of the Complaint, Trustee incorporates by reference her responses and averments to Paragraphs 1 through 83 of the Complaint as set forth above, each as if fully rewritten herein.  Trustee denies all remaining allegation contained in Paragraph 84 of the Complaint.

9.      Trustee denies the allegations contained in Paragraphs 85 through 95 of the Complaint as they pertain to her, and denies all remaining allegations therein for want of knowledge.

10.     Answering Paragraph 96 of the Complaint, Trustee incorporates by reference her responses and averments to Paragraphs 1 through 95 of the Complaint as set forth above, each as if fully rewritten herein.  Trustee denies all remaining allegation contained in Paragraph 96 of the Complaint.

11.     Trustee denies the allegations contained in Paragraphs 97 through 102 of the Complaint as they pertain to her, and denies all remaining allegations therein for want of knowledge.

12.     Answering Paragraph 103 of the Complaint, Trustee incorporates by reference her responses and averments to Paragraphs 1 through 102 of the Complaint as set forth above, each

as if fully rewritten herein. Trustee denies all remaining allegation contained in Paragraph 103 of the Complaint.

13. Trustee denies the allegations contained in Paragraphs 104 through 114 of the Complaint as they pertain to her, and denies all remaining allegations therein for want of knowledge.

14. Answering Paragraph 115 of the Complaint, Trustee incorporates by reference her responses and averments to Paragraphs 1 through 114 of the Complaint as set forth above, each as if fully rewritten herein. Trustee denies all remaining allegation contained in Paragraph 115 of the Complaint.

15. Trustee denies the allegations contained in Paragraphs 116 through 123 of the Complaint as they pertain to her, and denies all remaining allegations therein for want of knowledge.

16. Answering Paragraph 124 of the Complaint, Trustee incorporates by reference her responses and averments to Paragraphs 1 through 123 of the Complaint as set forth above, each as if fully rewritten herein. Trustee denies all remaining allegation contained in Paragraph 124 of the Complaint.

17. Trustee denies the allegations contained in Paragraphs 125 through 140 of the Complaint as they pertain to her, and denies all remaining allegations therein for want of knowledge.

18. Trustee denies all remaining allegations in Plaintiff's Complaint not specifically addressed above.

## ADDITIONAL DEFENSES

19. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted as against Trustee.

20. Plaintiff's Complaint is so inartfully pled that it is impossible for Trustee to ascertain the basis of the claims asserted against her.

21. Plaintiff's claims are barred, in whole or in part, by the terms of the agreements attached to the Complaint.

22. Trustee had no duties or obligations under any of the agreements referenced in or attached to the Complaint.

23. Pending discovery, Plaintiff's claims may be barred by the doctrines of laches, estoppel and waiver.

24. Plaintiff's Complaint fails to state a claim for punitive damages or for which punitive damages are available as against Trustee.

25. Trustee never exercised such complete control and dominance over any other Defendant such as to render Trustee that Defendant's alter ego.

26. To the extent Plaintiff has suffered any damages, which Trustee denies, Plaintiff has failed to mitigate or minimize same.

27. Plaintiff has failed to state a claim for replevin, insofar as it has already been provided with all documents and other materials to which it is entitled under the agreements attached to the Complaint.

28. Plaintiff has failed to plead fraud as against Trustee with particularity.

29. Any supposedly fraudulent activities conducted by Trustee, which Trustee denies, were undertaken with the full knowledge and consent of Plaintiff.

30. Pending discovery, Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

31. Pending discovery, Plaintiff's claims are barred in whole or in part because it is estopped by its own conduct from claiming any right to damages or other relief from Tremont.

32. Trustee reserves the right to add additional claims and defenses that may be identified during the course of litigation in this case.

Wherefore, Defendant Elizabeth James, in her capacity as Trustee for the Elizabeth L. James Trust, through counsel, requests that Plaintiff's Complaint be dismissed with prejudice at Plaintiff's costs, and that she be awarded her costs and fees, including its attorneys' fees, and such other and further relief as the Court may deem just under the circumstances.

BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP

By: */s/ Orville L. Reed, III*
Orville L. Reed, III #0023522
Joshua S. Berger #0068478
3800 Embassy Parkway, Suite 300
Akron, Ohio 44333
Telephone: (330) 376-5300
Facsimile: (330) 258-6559
Email: oreed@bdblaw.com
*Attorney for Defendant*
*Elizabeth James, Trustee*

**CERTIFICATE OF SERVICE**

A copy of the foregoing Answer of Defendant Elizabeth James, Trustee, was served electronically via the Court's ECF filing system to all parties entitled to service therein this 21st day of August, 2009.

*/s/ Orville L. Reed, III*
Orville L. Reed, III #0023522

«AK3:1000140_v1»

5