# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| TRISTATE CAPITAL BANK, | ) | CASE NO. 1:09 CV 1455 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE OLIVER |
| | ) | |
| HAWTHORN STAMPING LLC, et al., | ) | **ANSWER OF DEFENDANT HAWTHORN MANUFACTURING CORPORATION TO PLAINTIFF'S COMPLAINT** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

For its Answer to the Complaint of Plaintiff Capital Bank, Defendant Hawthorn Manufacturing Corporation ("Hawthorn"), through counsel, states and avers as follows:

1. Hawthorn is without sufficient information or knowledge to form an opinion or belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and therefore denies same.

2. Hawthorn is without sufficient information or knowledge to form an opinion or belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, and therefore denies same.

3. Hawthorn is without sufficient information or knowledge to form an opinion or belief as to the truth of the allegations contained in Paragraph 3 of the Complaint, and therefore denies same.

4. Hawthorn admits the allegations contained in Paragraph 4 of the Complaint.

5. Hawthorn is without sufficient information or knowledge to form an opinion or belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, and therefore denies same.

6. Hawthorn admits the allegations contained in Paragraph 6 of the Complaint.

7. Hawthorn is without sufficient information or knowledge to form an opinion or belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, and therefore denies same.

8. Hawthorn is without sufficient information or knowledge to form an opinion or belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and therefore denies same.

9. Hawthorn admits that it may have received certain fees from Red Rock and/or Tremont from time to time, but denies that such fees were "substantial," as alleged in the Complaint. Hawthorn further avers that any such fees paid were for valuable consideration, and were paid with Plaintiff's knowledge and consent. Hawthorn denies all remaining allegations contained in Paragraph 9 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

10. Hawthorn admits the allegations contained in Paragraph 10 of the Complaint.

11. Hawthorn admits the allegations contained in Paragraph 11 of the Complaint.

12. Hawthorn admits that: (a) Exhibit A to the Complaint appears to be a purported Credit and Security Agreement between Plaintiff, Red Rock and Tremont dated April 30, 2008 ("Credit Agreement"), the terms of which speak for themselves; (b) Exhibit B to the Complaint appears to be a purported Revolving Promissory Note between Plaintiff, Red Rock and Tremont dated April 30, 2008 ("Promissory Note"), the terms of which speak for themselves; (c) Exhibit

2

C to the Complaint appears to be a purported Term Note dated April 30, 2008, the terms of which speak for themselves; and (d) Exhibit D to the Complaint appears to be purported UCC financing statements, the terms of which speak for themselves. Hawthorn denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Hawthorn denies the allegations contained in Paragraph 13 of the Complaint as they pertain to it, and deny all remaining allegations therein for want of knowledge.

14. Hawthorn denies the allegations contained in Paragraph 14 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

15. Hawthorn denies the allegations contained in Paragraph 15 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

16. Hawthorn denies the allegations contained in Paragraph 16 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

17. Hawthorn denies the allegations contained in Paragraph 17 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

18. Hawthorn further states that Exhibit E to the Complaint appears to be a purported borrowing base certificate (the "December 31st BBC"), the terms of which speak for themselves. Hawthorn denies the remaining allegations contained in Paragraph 18 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

19. Hawthorn denies the allegations contained in Paragraph 19 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

20. Hawthorn denies the allegations contained in Paragraph 20 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

21. Hawthorn denies the allegations contained in Paragraph 21 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

22. Hawthorn denies the allegations contained in Paragraph 22 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

23. Hawthorn denies the allegations contained in Paragraph 23 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

24. Hawthorn answers Paragraph 24 of the Complaint by stating that the Credit Agreement's terms speak for themselves, and by denying all remaining allegations contained in Paragraph 24 of the Complaint.

25. Hawthorn answers Paragraph 25 of the Complaint by stating that the Credit Agreement's terms speak for themselves, and denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Hawthorn answers Paragraph 26 of the Complaint by stating that the Credit Agreement's terms speak for themselves, and denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Hawthorn admits that Exhibit F to the Complaint appears to be a purported Wind Down, Surrender, Consent to Acceptance of Collateral and Partial Strict Foreclosure Agreement dated March 13, 2009 ("Wind Down Agreement"), the terms of which speak for themselves. Hawthorn denies all remaining allegations contained in Paragraph 12 of the Complaint.

28. Hawthorn specifically denies making any false representations or omissions to Plaintiff, denies all remaining allegations contained in Paragraph 28 of the Complaint as they pertain to it, and otherwise denies all remaining allegations therein for want of knowledge.

4

29. Hawthorn answers Paragraph 29 of the Complaint by stating that the Wind Down Agreement's terms speak for themselves, and by denying all remaining allegations contained in Paragraph 29 of the Complaint.

30. Hawthorn answers Paragraph 30 of the Complaint by stating that the Wind Down Agreement's terms speak for themselves, and by denying all remaining allegations contained in Paragraph 30 of the Complaint.

31. Hawthorn answers Paragraph 31 of the Complaint by stating that the Wind Down Agreement's terms speak for themselves, and by denying all remaining allegations contained in Paragraph 31 of the Complaint.

32. Hawthorn answers Paragraph 32 of the Complaint by stating that the Wind Down Agreement's terms speak for themselves, and by denying all remaining allegations contained in Paragraph 32 of the Complaint.

33. Hawthorn answers Paragraph 33 of the Complaint by stating that the Wind Down Agreement's terms speak for themselves, and denying all remaining allegations contained in Paragraph 33 of the Complaint.

34. Hawthorn answers Paragraph 34 of the Complaint by stating that the Wind Down Agreement's terms speak for themselves, and by denying all remaining allegations contained in Paragraph 34 of the Complaint.

35. Hawthorn answers Paragraph 35 of the Complaint by stating that the Wind Down Agreement's terms speak for themselves, and denying all remaining allegations contained in Paragraph 35 of the Complaint.

36. Hawthorn answers Paragraph 36 of the Complaint by stating that the Wind Down Agreement's terms speak for themselves, and by denying all remaining allegations contained in Paragraph 36 of the Complaint.

37. Hawthorn denies the allegations contained in Paragraph 37 of the Complaint.

38. Hawthorn denies the allegations contained in Paragraph 38 of the Complaint as they pertain to it, and otherwise denies all remaining allegations therein for want of knowledge.

39. Hawthorn denies the allegations contained in Paragraph 39 of the Complaint as they pertain to it, and denies all remaining allegations contained in Paragraph 39 of the Complaint for want of knowledge.

40. Hawthorn specifically denies hiding any information from Plaintiff, and otherwise denies the remaining allegations contained in Paragraph 40 of the Complaint.

41. Hawthorn specifically denies undertaking any effort to hide information from Plaintiff, and otherwise denies the remaining allegations contained in Paragraph 41 of the Complaint.

42. Hawthorn states that Exhibit G to the Complaint purports to be a spreadsheet, the terms of which speak for themselves, denies all remaining allegations contained in Paragraph 42 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

43. Hawthorn states that Exhibit H to the Complaint purports to be the "December 31st BBC" (as defined by Plaintiff), the terms of which speak for themselves, denies all remaining allegations contained in Paragraph 43 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

44. Hawthorn denies the allegations contained in Paragraph 44 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

45. Hawthorn denies the allegations contained in Paragraph 45 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

46. Hawthorn denies the allegations contained in Paragraph 46 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

47. Hawthorn denies the allegations contained in Paragraph 47 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

48. Hawthorn denies the allegations contained in Paragraph 48 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

49. Hawthorn denies the allegations contained in Paragraph 49 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

50. Hawthorn denies the allegations contained in Paragraph 50 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

51. Hawthorn denies the allegations contained in Paragraph 51 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

52. Hawthorn denies the allegations contained in Paragraph 52 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

53. Hawthorn denies the allegations contained in Paragraph 53 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

54. Hawthorn denies the allegations contained in Paragraph 54 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

55. Hawthorn answers Paragraph 55 of the Complaint by stating that Exhibit I to the Complaint purports to be a Subordination Agreement between Hawthorn, Tremont, Hawthorn and Plaintiff, the terms of which speak for themselves. Hawthorn denies all remaining allegations contained in Paragraph 55 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

56. Hawthorn answers Paragraph 56 of the Complaint by stating that the terms of the agreement attached as Exhibit I to the Complaint speak for themselves. Hawthorn denies all remaining allegations contained in Paragraph 56 to the Complaint.

57. Hawthorn denies the allegations contained in Paragraph 57 of the Complaint.

58. Hawthorn denies the allegations contained in Paragraph 58 of the Complaint as they pertain to it, and otherwise denies those allegations in respect of other Defendants for want of knowledge.

59. Hawthorn denies the allegations contained in Paragraph 59 of the Complaint.

60. Hawthorn answers Paragraph 60 of the Complaint by stating that the terms of the Credit Agreement speak for themselves. Hawthorn denies all remaining allegations contained in Paragraph 60 of the Complaint.

61. Hawthorn answers Paragraph 61 of the Complaint by stating that the terms of the Wind Down Agreement speak for themselves. Hawthorn denies all remaining allegations contained in Paragraph 61 of the Complaint.

62. Hawthorn denies the allegations contained in Paragraph 62 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

63. Hawthorn denies the allegations contained in Paragraph 63 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

64. Hawthorn denies the allegations contained in Paragraph 64 of the Complaint.

65. Hawthorn denies the allegations contained in Paragraph 65 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

66. Hawthorn admits that Defendant Patrick James may, individually or through subsidiaries, have an ownership interest in Hawthorn. Hawthorn denies the remaining allegations contained in Paragraph 66 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

67. Hawthorn denies the allegations contained in Paragraph 67 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

68. Hawthorn denies the allegations contained in Paragraph 68 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

69. Hawthorn denies the allegations contained in Paragraph 69 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

70. Answering Paragraph 70 of the Complaint, Hawthorn incorporates by reference its responses and averments to Paragraphs 1 through 69 of the Complaint as set forth above, each as if fully rewritten herein. Hawthorn denies all remaining allegation contained in Paragraph 70 of the Complaint.

71. Hawthorn denies the allegations contained in Paragraph 71 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

72. Hawthorn denies the allegations contained in Paragraph 72 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

73. Hawthorn denies the allegations contained in Paragraph 73 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

74. Hawthorn denies the allegations contained in Paragraph 74 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

75. Hawthorn denies the allegations contained in Paragraph 75 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

76. Hawthorn denies the allegations contained in Paragraph 76 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

77. Hawthorn admits that Red Rock and Tremont are currently insolvent, and denies the allegations contained in Paragraph 77 of the Complaint.

78. Hawthorn denies the allegations contained in Paragraph 78 of the Complaint.

79. Hawthorn denies the allegations contained in Paragraph 79 of the Complaint.

80. Hawthorn denies the allegations contained in Paragraph 80 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

81. Hawthorn denies the allegations contained in Paragraph 81 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

82. Hawthorn denies the allegations contained in Paragraph 82 of the Complaint.

83. Hawthorn denies the allegations contained in Paragraph 83 of the Complaint.

84. Answering Paragraph 84 of the Complaint, Hawthorn incorporates by reference its responses and averments to Paragraphs 1 through 83 of the Complaint as set forth above, each as if fully rewritten herein. Hawthorn denies all remaining allegation contained in Paragraph 84 of the Complaint.

85. Hawthorn denies the allegations contained in Paragraph 85 of the Complaint as they pertain to it, and otherwise denies those allegations in respect of other Defendants for want of knowledge.

86. Hawthorn denies the allegations contained in Paragraph 86 of the Complaint.

87. Hawthorn denies the allegations contained in Paragraph 87 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

88. Hawthorn denies the allegations contained in Paragraph 88 of the Complaint.

89. Hawthorn denies the allegations contained in Paragraph 89 of the Complaint.

90. Hawthorn denies the allegations contained in Paragraph 90 of the Complaint.

91. Hawthorn denies the allegations contained in Paragraph 91 of the Complaint.

92. Hawthorn denies the allegations contained in Paragraph 92 of the Complaint.

93. Hawthorn denies the allegations contained in Paragraph 93 of the Complaint.

94. Hawthorn denies the allegations contained in Paragraph 94 of the Complaint.

95. Hawthorn denies the allegations contained in Paragraph 95 of the Complaint.

96. Answering Paragraph 96 of the Complaint, Hawthorn incorporates by reference its responses and averments to Paragraphs 1 through 95 of the Complaint as set forth above, each as if fully rewritten herein. Hawthorn denies all remaining allegation contained in Paragraph 96 of the Complaint.

97. Hawthorn denies the allegations contained in Paragraph 97 of the Complaint.

98. Hawthorn denies the allegations contained in Paragraph 98 of the Complaint.

99. Hawthorn specifically denies engaging in a "tortuous" conspiracy, as alleged by Plaintiff. Hawthorn denies all remaining allegations contained in Paragraph 99 of the Complaint.

100. Hawthorn denies the allegations contained in Paragraph 100 of the Complaint.

101. Hawthorn denies the allegations contained in Paragraph 101 of the Complaint.

102. Hawthorn denies the allegations contained in Paragraph 102 of the Complaint.

103. Answering Paragraph 103 of the Complaint, Hawthorn incorporates by reference its responses and averments to Paragraphs 1 through 102 of the Complaint as set forth above, each as if fully rewritten herein. Hawthorn denies all remaining allegation contained in Paragraph 103 of the Complaint.

104. Hawthorn admits the allegations contained in Paragraph 104 of the Complaint as they pertain to it.

105. Hawthorn denies the allegations contained in Paragraph 105 of the Complaint.

106. Hawthorn denies the allegations contained in Paragraph 106 of the Complaint.

107. Hawthorn denies the allegations contained in Paragraph 107 of the Complaint.

108. Hawthorn denies the allegations contained in Paragraph 108 of the Complaint.

109. Hawthorn answers Paragraph 109 of the Complaint by stating that Exhibits J and K to the Complaint appear to be purported subordination agreements, the terms of which speak for themselves. Hawthorn denies all remaining allegations contained in Paragraph 109 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

110. Hawthorn denies the allegations contained in Paragraph 110 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

111. Hawthorn denies the allegations contained in Paragraph 111 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

112. Hawthorn denies the allegations contained in Paragraph 112 of the Complaint.

113. Hawthorn denies the allegations contained in Paragraph 113 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

114. Hawthorn denies the allegations contained in Paragraph 114 of the Complaint.

115. Answering Paragraph 115 of the Complaint, Hawthorn incorporates by reference its responses and averments to Paragraphs 1 through 114 of the Complaint as set forth above, each as if fully rewritten herein. Hawthorn denies all remaining allegation contained in Paragraph 115 of the Complaint.

116. Answering Paragraph 116 of the Complaint, Hawthorn states that the "Loan Documents" and the "Wind Down Agreement" (as each are defined in the Complaint) speak for themselves. Hawthorn denies all remaining allegations contained in Paragraph 116 of the Complaint.

117. Hawthorn denies the allegations contained in Paragraph 117 of the Complaint.

118. Hawthorn denies the allegations contained in Paragraph 118 of the Complaint.

119. Hawthorn denies the allegations contained in Paragraph 119 of the Complaint.

120. Hawthorn denies the allegations contained in Paragraph 120 of the Complaint.

121. Hawthorn denies the allegations contained in Paragraph 121 of the Complaint.

122. Hawthorn denies the allegations contained in Paragraph 122 of the Complaint.

123. Hawthorn denies the allegations contained in Paragraph 123 of the Complaint.

124. Answering Paragraph 124 of the Complaint, Hawthorn incorporates by reference its responses and averments to Paragraphs 1 through 123 of the Complaint as set forth above, each as if fully rewritten herein. Hawthorn denies all remaining allegation contained in Paragraph 124 of the Complaint.

125. Hawthorn admits that Defendant Patrick James, individually or through subsidiaries, may have an ownership interest in Hawthorn. Hawthorn denies the remaining allegations contained in Paragraph 125 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

126. Hawthorn denies the allegations contained in Paragraph 126 of the Complaint.

127. Hawthorn denies the allegations contained in Paragraph 127 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

128. Hawthorn denies the allegations contained in Paragraph 128 of the Complaint.

129. Hawthorn denies the allegations contained in Paragraph 129 of the Complaint

130. Hawthorn denies the allegations contained in Paragraph 130 of the Complaint.

131. Hawthorn denies the allegations contained in Paragraph 131 of the Complaint.

132. Hawthorn denies the allegations contained in Paragraph 132 of the Complaint.

133. Hawthorn denies the allegations contained in Paragraph 133 of the Complaint.

134. Hawthorn denies the allegations contained in Paragraph 134 of the Complaint

135. Hawthorn denies the allegations contained in Paragraph 135 of the Complaint.

136. Hawthorn denies the allegations contained in Paragraph 136 of the Complaint.

137. Hawthorn denies the allegations contained in Paragraph 137 of the Complaint.

138. Hawthorn denies the allegations contained in Paragraph 138 of the Complaint.

139. Hawthorn denies the allegations contained in Paragraph 139 of the Complaint.

140. Hawthorn denies the allegations contained in Paragraph 140 of the Complaint.

141. Hawthorn denies all remaining allegations in Plaintiff's Complaint not specifically addressed above.

## **ADDITIONAL DEFENSES**

142. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted as against Hawthorn.

143. Plaintiff's Complaint is so inartfully pled that it is impossible for Hawthorn to ascertain the basis of the claims asserted against it.

144. Plaintiff's claims are barred, in whole or in part, by the terms of the agreements attached to the Complaint.

145. Hawthorn has fully complied with any duties or obligations it may have had under any of the agreements referenced in or attached to the Complaint.

146. Any fees or remuneration paid by any other Defendant to Hawthorn was paid in respect of valuable consideration provided by Hawthorn, in accordance with the provisions of all applicable and binding agreements and with the knowledge and consent of Plaintiff.

147. Pending discovery, Plaintiff's claims may be barred by the doctrines of laches, estoppel and waiver.

148. Plaintiff's Complaint fails to state a claim for punitive damages or for which punitive damages are available as against Hawthorn.

149. Hawthorn never exercised such complete control and dominance over any other entity such as to render that entity Hawthorn's alter ego.

150. To the extent Plaintiff has suffered any damages, which Hawthorn denies, Plaintiff has failed to mitigate or minimize same.

151. Plaintiff has failed to state a claim for replevin, insofar as it has already been provided with all documents and other materials to which it is entitled under the agreements attached to the Complaint.

152. Plaintiff has failed to plead fraud as against Hawthorn with particularity.

153. Any supposedly fraudulent activities conducted by Hawthorn, which Hawthorn denies, were undertaken with the full knowledge and consent of Plaintiff.

154. Pending discovery, Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

155. Pending discovery, Plaintiff's claims are barred in whole or in part because it is estopped by its own conduct from claiming any right to damages or other relief from Hawthorn.

156. Hawthorn reserves the right to add additional claims and defenses that may be identified during the course of litigation in this case.

WHEREFORE, Defendant Hawthorn Manufacturing Corporation, through counsel, requests that Plaintiff's Complaint be dismissed with prejudice at Plaintiff's costs, and that Hawthorn Stamping, LLC be awarded its costs and fees, including its attorneys' fees, and such other and further relief as the Court may deem just under the circumstances.

BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP

By: */s/ Orville L. Reed, III*
Orville L. Reed, III #0023522
Joshua S. Berger #0068478
3800 Embassy Parkway, Suite 300
Akron, Ohio 44333
Telephone: (330) 376-5300
Facsimile: (330) 258-6559
Email: oreed@bdblaw.com
*Attorney for Defendant*
*Hawthorn Manufacturing, Inc.*

**CERTIFICATE OF SERVICE**

A copy of the foregoing Answer of Defendant Hawthorn *Manufacturing, Inc.* was served electronically via the Court's ECF filing system to all parties entitled to service therein this 21st day of August, 2009.

*/s/ Orville L. Reed, III*
Orville L. Reed, III #0023522

«AK3:1000741_v1»