IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TRISTATE CAPITAL BANK | CASE NO. 1:09 CV 1455 |
| Plaintiff | JUDGE OLIVER |
| | MAGISTRATE WHITE |
| vs. | |
| | **BRIEF IN OPPOSITION TO** |
| RED ROCK STAMPING LLC, et al. | **PLAINTIFF'S MOTION FOR** |
| | **DISMISSAL OF CLAIMS AGAINST** |
| Defendants | **DEFENDANT CHARLES T.** |
| | **SCHIAVELLO ONLY** |

Defendants Red Rock Stamping LLC, Tremont Manufacturing LLC, Hawthorn Manufacturing Corporation ("Hawthorn"), Columbus Components Group, LLC, Patrick James and Elizabeth James, Trustee (collectively, "Non-dismissal Defendants"), respectfully request this Court deny Plaintiff Tristate Capital Bank's ("Tristate") and Defendant Charles T. Schiavello's ("Shiavello") *Motion for Dismissal of Claims Against Defendant Charles T. Shiavello Only*. Fed. R. Civ. P. 41(a)(2)'s language is unambiguous; the Court can dismiss the *entire "action"* upon the plaintiff's request, but cannot dismiss the claims against Shaivello only – regardless of an outside settlement between Tristate and Shiavello. Tristate and Shiavello are attempting to circumvent the Federal Rules of Civil Procedure by filing this motion and their previous *Stipulation of Dismissal of Claims Against Defendant Charles T. Shiavello Only*.

On December 18, 2009 Tristate and Shiavello filed a purported *Stipulation of Dismissal of Claims Against Defendant Charles T. Shiavello Only*. In response, the Non-dismissal Defendants filed on December 21, 2009 their *Motion to Strike Plaintiff Tristate Capital Bank's and Defendant Charles T. Schiavello's Stipulation of Dismissal of Claims Against Defendant Charles T. Shiavello Only*. In their *Motion To Strike*, Non-dismissal Defendants argued that

Tristate had two available options to dismiss Schavaello: 1) dismiss the entire action pursuant to Fed. R. Civ. P. 41(a); or 2) file an amended complaint under Fed. R. Civ. P. 15(a).  See, *TMW Enterprises, Inc. v. Federal Ins. Co.*, 2008 WL 786464, *1 (E.D.Mich., Mar. 21, 2008) citing *Mgmt. Investors v. United Mine Workers of Am.,* 610 F.2d 384, 394-95 (6th Cir.1979) (dismissal of some, but not all of action or some but not all of defendants, is governed by Fed. R. Civ. P. 15, not Rule 41); see generally, *Baker v. City of Detroit,* 217 F. App'x 491, 496 (6th Cir.2007).

Tristate chose neither of these two options.  A day after the Non-dismissal Defendants filed their *Motion to Strike*, Tristate filed its subsequent dismissal motion, incorrectly citing Fed. R. Civ. P. 41(a)(2) for the authority to dismiss Shiavello only.  Fed. R. Civ. P. 41(a)(2) provides in part:

Except as provided in Rule 41(a)(1), **an action** may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.  If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, **the action** may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.  Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

*Id.* (emphasis added).  An action is the "sum total of the claims which the parties assert against each other."  *C. Van Der Lely N.V. v. F.lli Maschio S.n.c.*, 561 F.Supp. 16, 20 (D.C.Ohio,1982).  Dismissal of some claims against not all of the defendants is not a dismissal of an action under Fed. R. Civ. P. 41(a).  See, *Mgmt. Investors v. United Mine Workers of Am.,* 610 F.2d 384, 394-95 (6th Cir.1979).  Non-dismissal Defendants' analysis in its *Motion to Strike* applies with equal force in this instance:  Tristate is unable, under Fed. R. Civ. P 41(a)(2) to dismiss its claims against Shiavello without dismissing the entire action.

2

For the foregoing reasons and the salient arguments presented in Non-dismissal Defendant's *Motion to Strike*, incorporated by reference herein, Non-dismissal Defendants request that this Court deny Tristate and Shiavello's *Motion for Dismissal of Claims Against Defendant Charles T. Shiavello Only*.

Respectfully submitted,

BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP

By: */s/ Patrick J. Keating*
Orville L. Reed III  #0023522
Patrick J. Keating  #0023481
Joshua S. Berger (#0068478)
3800 Embassy Pkwy., Ste. 300
Akron, Ohio  44333-8332
Telephone: (330) 376-5300
Facsimile: (330) 258-6559
oreed@bdblaw.com
pkeating@bdblaw.com
jberger@bdblaw.com

*Attorneys for Defendants Red Rock Stamping LLC, Tremont Manufacturing, LLC, Columbus Components Group, LLC, Hawthorn Manufacturing Co., Patrick James and Elizabeth James (In Her Capacity as Trustee of the Elizabeth L. James Trust)*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 23rd day of December, 2009, a copy of the foregoing is being filed with the Court and sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Patrick J. Keating*
Patrick J. Keating (#0023481)

«AK3:1014138_v1/50653-0281»