## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **TRISTATE CAPITAL BANK** | ) | CASE NO: 1:09-cv-1455 |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| vs. | ) | |
| | ) | |
| **RED ROCK STAMPING, LLC** et al | ) | **RESPONSE TO MOTIONS TO** |
| Defendants | ) | **STRIKE** |

  Plaintiff had previously filed with this Court both a Stipulated Dismissal Entry (Docket Item 33) and a Motion to Dismiss (Docket Item 35) – each of which clearly and unequivocally indicated that Plaintiff, Tristate Capital Bank, was voluntarily dismissing and abandoning its lawsuit against Defendant, Charles Schiavello.  However, Defendants Columbus Components Group, LLC, Hawthorn Manufacturing Corporation, Elizabeth James, Patrick James, Red Rock Stamping, LLC, Tremont Manufacturing, LLC (entities that have not asserted any counterclaims or cross claims in this case) have objected to the dismissal of Defendant Schiavello from this case (See Docket Items 34 and 36), not for any substantive reason but for very limited procedural reasons which, in the end, do not in any way affect any of the claims asserted by Plaintiff against said objecting Defendants.

  In fact, the only real purpose of these objections is to keep Defendant Schiavello in this case long enough to require Schiavello to respond to discovery requests that have been propounded by the objecting Defendants; and these objecting Defendants want the Court to retain some kind of jurisdiction over Schiavello in order to "twist his arm" to comply with said

discovery requests. However, retention of jurisdiction over Schiavello is not necessary. The objecting Defendants have the means and mechanism to obtain the information requested through discovery, without Schiavello being a party to this case. Counsel for Schiavello has informed counsel for the objecting Defendants and Schiavello will, upon the issuance of a valid subpoena (which could even incorporate by reference the requests for production of documents propounded by said objecting defendants to Schiavello), produce any and all documents responsive to said subpoena provided that the same are not subject to some privilege or confidentiality provision. There is nothing that the objecting Defendants could not gain from Schiavello as a non-party by way of subpoena or deposition that they could obtain with Schiavello as a party.

The tactics employed by the objecting Defendants appear to be nothing more than attempts to harass Defendant Schiavello into responding to discovery. Plaintiff, who is the party that had originally asserted claims against Schiavello, doesn't want him as a party to this case. Yet the objecting Defendants take exception to this. The objections that have been raised simply end up costing Schiavello money to defend and unduly burden this Court with pleadings that simply delay the inevitable dismissal of Schiavello from this case. It is clear that the objecting Defendants do not suggest that there are substantive reasons for this Court retaining jurisdiction over Schiavello – except for the limited procedural benefit that these objecting Defendants would alone enjoy. Benefits that could just as easily been obtained through the issuance to Schiavello of a pre-printed a subpoena (which would have most likely taken less time to issue than the time it took to prepare the objections that were filed). While perhaps having some technical merit, the underlying purpose of the objections filed by these Defendants appear inappropriate.

2

As such, these objections should be denied and this Court should enter an Order dismissing Schiavello from this lawsuit.

>Respectfully submitted,
>
>/s/ *Christopher J. Freeman*
>Christopher J. Freeman (0055983)
>P.O. Box 401
>Medina, OH 44258-0401
>PH:  (330) 722-7278
>FAX: (330) 722-7249
>e-mail:  Chris@ChrisFreemanLaw.com
>Attorney for Defendant Charles Schiavello

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2009, a copy of the foregoing Response to Objections was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

>/s/ *Christopher J. Freeman*
>Christopher J. Freeman