IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TRISTATE CAPITAL BANK | ) CASE NO. 1:09 CV 1455 |
| Plaintiff | ) |
| | ) JUDGE OLIVER |
| vs. | ) MAGISTRATE WHITE |
| | ) |
| | ) **REPLY TO DEFENDANT CHARLES T.** |
| RED ROCK STAMPING LLC, et al. | ) **SCHIAVELLO'S BRIEF IN** |
| | ) **OPPOSITION TO DEFENDANTS'** |
| Defendants | ) **MOTION TO STRIKE** |
| | ) |

There are currently two related motions pending before this Court: (1) the *Motion to Strike Plaintiff Tristate Capital Bank's and Defendant Charles T. Schiavello's Stipulation of Dismissal of Claims Against Defendant Charles T. Schiavello, Only* filed by Defendants Red Rock Stamping, LLC, Tremont Manufacturing, LLC, Hawthorn Manufacturing Corporation ("Hawthorn"), Columbus Components Group, LLC, Patrick James and Elizabeth James, Trustee (collectively, the "Non-dismissal Defendants"); and (2) the *Motion for Dismissal of Claims Against Defendant Charles T. Schiavello Only* filed by Plaintiff Tristate Capital Bank ("Tristate") and Defendant Charles T. Schiavello ("Schiavello"). The substance of the parties' disputes over these motions, simply stated, is the proper vehicle for the removal of Defendant Schiavello from this controversy.

Contrary to Tristate's suggestion, Non-dismissal Defendants' opposition to Tristate's *Motion for Dismissal of Claims Against Defendant Charles T. Schiavello Only* is not an attempt to be obstructionist. In fact, communications between counsel for the parties show that Non-

dismissal Defendants have no objection to Schiavello's removal from this matter – as long as they receive Schiavello's responses to Hawthorn's outstanding discovery.[1] Those responses, served in early December, are presently due. Counsel for Non-dismissal Defendants have agreed to provide Schiavello's counsel with an extension (see email correspondence, attached as <u>Exhibit A</u>). However, such cooperation should not be used against Non-dismissal Defendants in an "obstructionist" argument. To this end, Non-dismissal Defendants would not oppose a stipulated Order from this Court allowing Tristate to amend its Complaint pursuant to Fed. R. Civ. P. 15(a)(2), contingent upon Schiavello responding to Hawthorn's outstanding discovery requests prior to Tristate's filing of a new amended Complaint.

All parties essentially agree that Rule 15 is the appropriate vehicle to effect Schiavello's removal from this case.[2] Tristate's filing of an amended Complaint following receipt of the outstanding discovery would serve the need of all parties for three primary reasons. First, Tristate's Complaint makes allegations specific to Defendant Schiavello[3] which Non-dismissal Defendants have no way of admitting or denying. Second, Rule 15(a)(2) will protect the Non-dismissal Defendants from undue prejudice by allowing the parties to agree to, or this Court to order, that Schiavello's dismissal be predicated upon his completion of Hawthorn's outstanding discovery requests. Finally, the filing of an amended Complaint will clarify the allegations

---

[1] See emails dated December 31, 2009 between Attorney Keating and Attorney Sobolewski; see also, email dated Thursday, December 31, 2009 between Attorney Keating and Attorney Freeman (counsel for Schiavello), allowing extra time if necessary to respond to the outstanding discovery. Copies of the foregoing are attached as <u>Exhibit A</u>.

[2] See, *Reply in Support of Plaintiff Tristate Capital Bank's Motion for Dismissal of Claims Against Defendant Charles T. Schiavello Only*, pp. 2-4; see also, *Brief in Opposition to Plaintiff's Motion for Dismissal of Claims Against Defendant Charles T. Schiavello Only*, p. 2 citing *Mgmt Investors v. United Mine Workers of Am.*, 610 F.2d 384, 394-95 (6th Cir. 1979) (dismissal of some, but not all of action or some but not all of defendants, is governed by Fed. R. Civ. P. 15, not Rule 41).

[3] See, e.g., Complaint at ¶ 67.

2

against the Non-dismissal Defendants, and will provide closure to Tristate's and Schiavello's settlement agreement.

Indeed, an amended Complaint from Tristate (after Schiavello has responded to outstanding discovery) is necessary to remove the allegations exclusive to Schiavello and streamline the claims against the remaining parties once Schiavello is no longer a party. For example, in ¶ 67 of the Complaint, Tristate alleges that:

> "At all relevant times, Defendant Schiavello was the chief financial officer of Defendant CCG. Upon information and belief, Defendant Schiavello created and directed all account entries for Defendants Red Rock and Tremont, as well as the submission to Tristate of the borrowing base certificates and other financial reports."[4]

In this regard, requiring Tristate to amend its Complaint would not be an "additional, unnecessary procedural hoop,"[5] as suggested by Tristate, but in fact would provide clarity to the remaining parties as to the scope of Tristate's allegations – thereby promoting judicial economy and efficiency.

Non-dismissal Defendants therefore respectfully request that this Court deny Tristate's *Motion for Dismissal of Claims Against Defendant Charles T. Schiavello Only*, and grant their *Motion to Strike Plaintiff Tristate Capital Bank's and Defendant Charles T. Schiavello's Stipulation of Dismissal of Claims Against Defendant Charles T. Schiavello Only*. Non-dismissal Defendants agree to allow Tristate to amend its Complaint pursuant to Rule 15(a)(2) with the understanding that Schiavello will not be named as a Defendant therein, contingent upon Schiavello providing responses to Hawthorn's outstanding discovery requests.

---

[4] See Complaint at ¶ 67.

[5] *Reply in Support of Plaintiff Tristate Capital Bank's Motion for Dismissal of Claims Against Defendant Charles T. Schiavello Only*, p. 3.

Respectfully submitted,

BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP

By: _/s/ Patrick J. Keating_
Orville L. Reed III #0023522
Patrick J. Keating #0023481
Joshua S. Berger (#0068478)
3800 Embassy Pkwy., Ste. 300
Akron, Ohio 44333-8332
Telephone: (330) 376-5300
Facsimile: (330) 258-6559
oreed@bdblaw.com
pkeating@bdblaw.com
jberger@bdblaw.com

*Attorneys for Defendants Red Rock Stamping LLC, Tremont Manufacturing, LLC, Columbus Components Group, LLC, Hawthorn Manufacturing Co., Patrick James and Elizabeth James (In Her Capacity as Trustee of the Elizabeth L. James Trust)*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 8th day of January, 2010, a copy of the foregoing is being filed with the Court and sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

_/s/ Patrick J. Keating_
Patrick J. Keating (#0023481)

«AK3:1015373_v1»

## Pat Keating

**From:** Pat Keating
**Sent:** Thursday, December 31, 2009 6:19 PM
**To:** Chris Freeman
**Subject:** RE: TriState Capital Bank v. Red Rock Stamping, LLC, et al, Case No. 1:09-cv-1455

Chris,

We did receive copies of the Tristate documents produced in response to Chuck's discovery. No need to duplicate. We will need the other materials, including anything that Chuck has produced to the Bank.. If you need an extra 10 days-two weeks, that is fine.

Have a safe and happy new year.


Pat Keating

---

**From:** Chris Freeman [mailto:chris@chrisfreemanlaw.com]
**Sent:** Thu 12/31/2009 3:00 PM
**To:** Pat Keating
**Subject:** RE: TriState Capital Bank v. Red Rock Stamping, LLC, et al, Case No. 1:09-cv-1455

Thanks, Pat. Just so you know, Chuck Schiavello is in the process of putting together the responses to your discovery. He needs to figure out the best way to get it to you – and he has two sources of information from which the responses will be coming:

1)    the paper discovery that was provided to him from Tristate in response to his discovery requests – did Tristate copy you on these responses? If so, there is no need to re-copy this information and, if not, we will provide those documents to you (I may have scanned those documents to my file, which would make it easier); and

2)    e-mails that he sent and received when he was at CCG – Chuck tells me that there are several thousand e-mails that are on his computer and that in order to include any document that could potentially be responsive to your discovery requests, we will simply provide all of those e-mails to you. The issue is figuring out how to get them on a storage device since there are so many of these e-mails. If your client has Chuck's income and outgoing e-mails on its server, it already has all of the information that Chuck will be providing and we will not have to go through the process of copying these e-mails for you.

Other than these 2 sources, Chuck has no other documents responsive to your discovery requests. We will also provide you written responses to your interrogatories and requests for production of documents.

Finally, as we discussed, we may need a bit more time to get the discovery responses to you – particularly while Chuck figures out the best way to copy the e-mails, if you need or want those. I anticipate getting the responses to you within the next 10 – 14 days, unless you absolutely need them sooner.

Happy New Year, Pat.

Chris

* * * * * * * * * * * * * * *

*Christopher J. Freeman*, Attorney at Law

1/7/2010


EXHIBIT A

www.ChrisFreemanLaw.com

The information contained in this e-mail transmission is privileged and confidential and is covered by the attorney-client privilege. If you receive this e-mail in error please contact the sender via return e-mail or by calling at 330-722-7278 (collect, if necessary) and then delete this e-mail and destroy all documents or attachments that you have received. Any dissemination of any of the documents or attachments received in error is strictly prohibited. IRS CIRCULAR 230 DISCLOSURE: To insure compliance with Treasury Regulations (31 CFR Part 10, +AKc-10.35), we are required to inform you that any tax advice contained in this correspondence including any attachments, was not intended or written by us to be used, and cannot be used by you or anyone else, for the purpose of avoiding penalties imposed by the Internal Revenue Code or other law or for the purpose of marketing or recommending to any other party any transaction, arrangement or other matter.

**From:** Pat Keating [mailto:PKeating@BDBLAW.com]
**Sent:** Thursday, December 31, 2009 2:14 PM
**To:** Sobolewski, Brad; Joshua Berger; Orville Reed; Chris Freeman
**Subject:** RE: TriState Capital Bank v. Red Rock Stamping, LLC, et al, Case No. 1:09-cv-1455

As soon as we receive the other discovery, we will have no objection to Schiavello's dismissal.


**Patrick J. Keating**
**Buckingham, Doolittle & Burroughs, LLP**
Attorneys & Counselors at Law --
www.bdblaw.com
3800 Embassy Parkway, Suite 300
Akron, OH 44333-8332

Phone: 330-258-6554
Direct Fax: 330-252-5554
Toll Free: 1-800-686-2825
PKeating@BDBLAW.com

Register for our complimentary newsletters
View my Biography

Privacy Notice


"IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein."

> **From:** Sobolewski, Brad [mailto:bsobolewski@ulmer.com]
> **Sent:** Thursday, December 31, 2009 2:02 PM
> **To:** Joshua Berger; Pat Keating; Orville Reed; Chris Freeman
> **Subject:** RE: TriState Capital Bank v. Red Rock Stamping, LLC, et al, Case No. 1:09-cv-1455
>
> Does this advance the ball at all in terms of getting Chris' client out of the case?
>
>
>> **From:** Joshua Berger [mailto:jberger@BDBLAW.com]
>> **Sent:** Thursday, December 31, 2009 10:53 AM
>> **To:** Sobolewski, Brad; Pat Keating; Orville Reed; Chris Freeman
>> **Cc:** Joshua Berger
>> **Subject:** RE: TriState Capital Bank v. Red Rock Stamping, LLC, et al, Case No. 1:09-cv-1455
>>
>> Brad,

1/7/2010

Office Address:
46 Public Square, Ste. 200
Medina, Ohio 44256

Mailing Address:
P.O. Box 401
Medina, OH 44258-0401

PH:  330-722-7278
FAX:  330-722-7249

1/7/2010

Following up on our recent phone discussions, we have agreed as follows, for the time being:

(1) If an objection is interposed to the production of documents or information relating to settlement discussions or draft agreements between Plaintiff and Schiavello, the remaining Defendants will not, at the present time, seek to compel discovery of discussions leading to settlement. However, we will demand the production of all final settlement documents.

(2) Tristate does not object to the production of all final settlement documents between itself and Schiavello.

(3) All parties reserve their rights to raise these issues at a later time if necessary.

Please feel free to contact me with any questions, and best wishes to all for a happy and safe new year.

Best regards,
Josh Berger


**Joshua S. Berger, Esq.**
**Buckingham, Doolittle & Burroughs, LLP**
Attorneys & Counselors at Law --
www.bdblaw.com
3800 Embassy Parkway, Suite 300
Akron, OH 44333-8332

Phone: 330-258-6419
Direct Fax: 330-252-5519
Toll Free: 1-800-686-2825
jberger@BDBLAW.com


Privacy Notice

---

**From:** Sobolewski, Brad [mailto:bsobolewski@ulmer.com]
**Sent:** Wed 12/30/2009 4:07 PM
**To:** Pat Keating; Joshua Berger; Orville Reed; Chris Freeman
**Subject:** TriState Capital Bank v. Red Rock Stamping, LLC, et al, Case No. 1:09-cv-1455

Counsel:

I'm planning to file a motion for a protective order on behalf of TriState preventing the disclosure of any information related to settlement negotiations between TriState and Chuck Schiavello. The law is clear that such communications are privileged and immune from discovery.

Based on prior communications, I'm assuming that Defendants will oppose this motion. But please consider this email an invitation to discuss this issue pursuant to Rule 26(c). I'm available the rest of today and at any time tomorrow (Thursday), so please feel free to pick a time if you'd like to discuss.

Due to the upcoming holiday, please get back to me as soon as possible if you'd like to meet-and-confer.

Thanks,
Brad

1/7/2010

Brad A. Sobolewski

direct 216.583.7092   Ulmer & Berne LLP
directfax 216.583.7093   1660 West 2nd Street
bsobolewski@ulmer.com   Suite 1100
www.ulmer.com   Cleveland, Ohio 44113-1448

Cleveland     Columbus     Cincinnati     Chicago

ULMER & BERNE LLP - CONFIDENTIAL COMMUNICATION
This email and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom it is addressed. If you are not the intended recipient or the person responsible for delivering the email to the intended recipient, please be advised that you have received this email in error and that any use, dissemination, forwarding, printing, or copying of this email and any file attachments is strictly prohibited. If you have received this email in error, please immediately notify us by telephone at 216-583-7900 or by reply email to the sender. Please delete this email and its attachments from your system and do not retain any copies. You will be reimbursed for reasonable costs incurred in notifying us.

1/7/2010

> 🛈 You replied on 12/31/2009 11:46 AM.
>
> **Joshua Berger**
>
> | | | | |
> |---|---|---|---|
> | **From:** | Sobolewski, Brad [bsobolewski@ulmer.com] | **Sent:** | Thu 12/31/2009 11:09 AM |
> | **To:** | Joshua Berger; Pat Keating; Orville Reed; Chris Freeman | | |
> | **Cc:** | | | |
> | **Subject:** | RE: TriState Capital Bank v. Red Rock Stamping, LLC, et al, Case No. 1:09-cv-1455 | | |
> | **Attachments:** | | | |

Josh:

Your email conforms to TriState's/my understanding as well.

By way of further clarification, the specific requests that TriState finds objectionable and for which it would seek court protection are Interrogatories Nos. 2 and 5 and Requests for Production Nos. 2 and 3 (as well as any other interrogatories or requests to the extent that they seek the same type of information).

Happy New Year to you as well.

Thanks,
Brad

---

**From:** Joshua Berger [mailto:jberger@BDBLAW.com]
**Sent:** Thursday, December 31, 2009 10:53 AM
**To:** Sobolewski, Brad; Pat Keating; Orville Reed; Chris Freeman
**Cc:** Joshua Berger
**Subject:** RE: TriState Capital Bank v. Red Rock Stamping, LLC, et al, Case No. 1:09-cv-1455

Brad,

Following up on our recent phone discussions, we have agreed as follows, for the time being:

(1) If an objection is interposed to the production of documents or information relating to settlement discussions or draft agreements between Plaintiff and Schiavello, the remaining Defendants will not, at the present time, seek to compel discovery of discussions leading to settlement. However, we will demand the production of all final settlement documents.

(2) Tristate does not object to the production of all final settlement documents between itself and Schiavello.

(3) All parties reserve their rights to raise these issues at a later time if necessary.

Please feel free to contact me with any questions, and best wishes to all for a happy and safe new year.

Best regards,
Josh Berger

Joshua S. Berger, Esq.
**Buckingham, Doolittle & Burroughs, LLP**
Attorneys & Counselors at Law --
www.bdblaw.com
3800 Embassy Parkway, Suite 300
Akron, OH 44333-8332

Phone: 330-258-6419
Direct Fax: 330-252-5519
Toll Free: 1-800-686-2825
jberger@BDBLAW.com


Privacy Notice

---

**From:** Sobolewski, Brad [mailto:bsobolewski@ulmer.com]
**Sent:** Wed 12/30/2009 4:07 PM
**To:** Pat Keating; Joshua Berger; Orville Reed; Chris Freeman
**Subject:** TriState Capital Bank v. Red Rock Stamping, LLC, et al, Case No. 1:09-cv-1455

Counsel:

I'm planning to file a motion for a protective order on behalf of TriState preventing the disclosure of any information related to settlement negotiations between TriState and Chuck Schiavello. The law is clear that such communications are privileged and immune from discovery.

Based on prior communications, I'm assuming that Defendants will oppose this motion. But please consider this email an invitation to discuss this issue pursuant to Rule 26(c). I'm available the rest of today and at any time tomorrow (Thursday), so please feel free to pick a time if you'd like to discuss.

Due to the upcoming holiday, please get back to me as soon as possible if you'd like to meet-and-confer.

Thanks,
Brad




Brad A. Sobolewski

direct 216.583.7092  Ulmer & Berne LLP
directfax 216.583.7093  1660 West 2nd Street
bsobolewski@ulmer.com  Suite 1100
www.ulmer.com  Cleveland, Ohio 44113-1448

Cleveland    Columbus    Cincinnati    Chicago

ULMER & BERNE LLP - CONFIDENTIAL COMMUNICATION
This email and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom it is addressed. If you are not the intended recipient or the person responsible for delivering the email to the intended recipient, please be advised that you have received this email in error and that any use, dissemination, forwarding, printing, or copying of this email and any file attachments is strictly prohibited. If you have received this email in error, please immediately notify us by telephone at 216-583-7900 or by reply email to the sender. Please delete this email and its attachments from your system and do not retain any copies. You will be reimbursed for reasonable costs incurred in notifying us.