UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TRISTATE CAPITAL BANK | ) | CASE NO. 1:09-cv-01455-SO |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| vs. | ) | **JOINT MOTION FOR STIPULATED** |
| | ) | **PROTECTIVE ORDER** |
| RED ROCK STAMPING LLC, et al. | ) | |
| | ) | |
| Defendants | ) | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, upon stipulation of Plaintiff TriState Capital Bank ("Plaintiff") and Defendants Red Rock Stamping LLC, Tremont Manufacturing, LLC, Hawthorn Manufacturing Corporation, Columbus Components Group, LLC, Patrick James, and Elizabeth James, Trustee of the Elizabeth L. James Trust (collectively, "Defendants") (Plaintiff and Defendants are collectively referred to as "the parties"), by and through their respective counsel, hereby stipulate and agree as follows, and respectfully move the Court for entry of this protective Order:

WHEREAS, discovery in this case requires the production of documents and other information containing confidential, proprietary, trade secret, and sensitive financial and commercial information related to the parties, the confidentiality of which the parties desire to protect; and

WHEREAS, for these reasons, Plaintiff and each of the Defendants respectfully request the Court enter this protective Order.

The parties having agreed to the terms of this Order, it is hereby ORDERED:

1. "Confidential Information" shall mean any information (regardless of how it is generated, stored, or maintained), in whatever form, whether oral or written, including documents, testimony, exhibits, discovery responses, pleadings, affidavits, motions, briefs, memoranda, or other information provided by or on behalf of the parties or any of their attorneys or other agents, or by a non-party pursuant to a subpoena or otherwise in connection with this action, or any information which has been previously produced by any party or any third party which a party in good faith believes contains trade secrets, confidential commercial, financial, or business information, proprietary information, or personal information, or is otherwise confidential or private; provided, however, that any information that is or becomes available from a public or private source not bound by the terms of this Order or some other order, duty, or agreement shall not be considered Confidential Information under this Order.  A party hereto or any third party responding to a subpoena shall designate Confidential Information as "Confidential" by stamping or printing "Confidential" on the document or other material.  The absence of a "Confidential" marking, however, does not in any way affect such material's status under this Order.

2. All documents, pleadings, motions, exhibits, briefs, memoranda, discovery responses, affidavits, testimony, or other information containing Confidential Information shall be protected in accordance with the terms of this Order.

3. Other than as specifically stated in Paragraph 4 below, Confidential Information shall not be used or disclosed by any person or entity for any purpose whatsoever other than the preparation for and trial of this litigation, including appeals, if any, and then only as provided by this Order and only after the conditions stated in this Order have been met. Plaintiff and Defendants expressly agree that Confidential Information will not be used for any

purpose outside this lawsuit other than as specifically stated in Paragraph 4 below. All Confidential Information shall be maintained in confidence by trial counsel for the parties and shall be disclosed only to:

      (a)    Counsel for the parties, whether in-house or outside counsel, including their paralegals and clerical staff;

      (b)    Court reporters in the performance of their duties;

      (c)    This Court and its personnel;

      (d)    Trial or deposition witnesses to the extent necessary for the conduct of this litigation, provided such witnesses first sign the Acknowledgment and Agreement to be Bound attached hereto as Exhibit A;

      (e)    Expert witnesses, consultants and investigators (whether consulting or testimonial) retained for this litigation provided they first sign the Acknowledgment and Agreement to be Bound attached as Exhibit A;

      (f)    The author(s) or any recipient of a document containing Confidential Information or the original source of the Confidential Information;

      (g)    Any party to this action;

      (h)    Professional vendors that provide litigation support services (*e.g.*, photocopying, video recording, preparing exhibits or demonstrations, etc.) and their employees; and

      (i)    Any other person upon the prior written consent of the party that produced the Confidential Information and/or designated the information as Confidential Information or upon Order by the Court. All such persons shall sign the Acknowledgment and Agreement to be Bound attached as Exhibit A.

4. Nothing in this Order shall prevent a party from providing Confidential Information to any federal, state, or local government agency, law enforcement agency, investigator, tax authority, regulatory authority, or other government entity, official, attorney, or authorized representative in response to a subpoena, demand, or other formal or informal request, or as required or authorized by any federal or state statute, regulation, or other law, or as required by a court Order; provided, however, that any party providing or disclosing Confidential Information pursuant to this Paragraph shall (i) first inform the entity or person seeking the Confidential Information of this Protective Order prior to providing the Confidential Information, and (ii) provide immediate notice to all other parties of the demand being asserted for the Confidential Information unless the provision of such notice is prohibited by law.

5. All depositions taken in this case and the transcripts thereof shall automatically be treated as Confidential Information for 20 days after receipt of the transcript. During the deposition or during this 20-day period, any party may designate the deposition or any portion thereof as Confidential Information.

6. Subject to Paragraph 7 below, nothing in this Order shall prevent a party from using Confidential Information in connection with briefs, motions, pleadings, memoranda, or other papers filed with the Court or at trial or hearings. Such use of the Confidential Information shall in no way defeat or waive the confidential nature thereof.

7. All documents and all briefs, motions, pleadings, memoranda, deposition transcripts, and other papers containing or otherwise disclosing Confidential Information which are filed with or otherwise submitted to the Court shall be filed under seal, and the Clerk of this Court is directed to maintain such material under seal.

8. If a party intends to present Confidential Information at trial or a public hearing, at least five (5) days prior to such use, such party shall provide advance notice to the party that produced the Confidential Information and/or designated the information as Confidential Information, so as to allow the designating party to move for a supplemental Order if necessary.

9. This Order has no effect upon, and its scope shall not extend to, a party's use of its own Confidential Information.

10. Designation by a party of information or a document as Confidential Information shall have no evidentiary significance and may not be used at a hearing or a trial for any purpose. A party's failure to object to a party's designation shall likewise have no evidentiary significance and shall not constitute an admission that the information is confidential.

11. Any designation of confidentiality by one party may be challenged by another party. The party making such challenge shall first consult with the other party in an attempt to resolve the dispute. In the event the parties are unable to resolve the dispute, the matter shall be submitted to the Court for resolution. Pending such resolution by the Court, the information in question shall continue to be treated as Confidential Information in accordance with the provisions of this Order.

12. Nothing in this Order shall be construed as a waiver by Plaintiff or Defendants of the right to object to any request for discovery. This Order shall not be construed as an agreement by Plaintiff or Defendants to produce any documents or to supply any information and shall not constitute an admission that any documents or information which may exist are relevant in any way to the issues raised in this or any other litigation or a waiver of any privilege or immunity with respect thereto. This Order shall not be construed as requiring any

5

party to produce information or documents which are privileged or otherwise protected by the Federal Rules of Civil Procedure and other state or federal law. Plaintiff and Defendants reserve the right to seek further protective Orders from the Court in connection with any documents and other information.

13. The failure of any party to enforce any provision or provisions of this Order shall not be in any way construed as a waiver of any such provision or provisions, nor prevent that party from thereafter enforcing each and every other provision of this Order.

14. Within sixty (60) days of the conclusion of this litigation or any related lawsuit, each of the parties shall either destroy all Confidential Information (other than its own Confidential Information) and all copies thereof (including copies provided to testifying or consulting experts or consultants) or return it to the producing party.

15. Any dispute arising out of or relating to rights and duties under this Order shall be resolved by the U.S. District Court for the Northern District of Ohio. The parties consent to the jurisdiction and venue of the U.S. District Court for the Northern District of Ohio to adjudicate any disputes regarding rights and duties under this Order.

16. Unless otherwise agreed or Ordered, this Order shall remain in force after the termination of this action.

17. All persons and entities to whom Confidential Information is disclosed shall be bound by the terms of this Order. All persons and entities who receive Confidential Information agree to subject themselves to the jurisdiction of the U.S. District Court for the Northern District of Ohio for the purpose of any proceedings relating to the performance under, compliance with, or violation of, this Order.

**SO ORDERED.**

Dated: _____  _____
**JUDGE SOLOMON OLIVER, JR.**

**STIPULATED BY:**

/s/ Brad A. Sobolewski
Brad A. Sobolewski (0072835)
ULMER & BERNE LLP
Skylight Office Tower
1660 West 2nd Street, Suite 1100
Cleveland, OH  44113-1448
Tel:  (216) 583-7000
Fax:  (216) 583-7001
bsobolewski@ulmer.com

**Attorney for Plaintiff TriState Capital Bank**


/s/ Joshua S. Berger (per consent)
Orville L. Reed, III (0023522)
Patrick J. Keating (0023481)
Joshua S. Berger (0068478)
BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP
3800 Embassy Pkwy., Ste. 300
Akron, Ohio  44333-8332
Tel:  (330) 376-5300
Fax:  (330) 258-6559
oreed@bdblaw.com
pkeating@bdblaw.com
jberger@bdblaw.com

**Attorneys for Defendants Red Rock Stamping LLC, Tremont Manufacturing, LLC, Columbus Components Group, LLC, Hawthorn Manufacturing Co., Patrick James, and Elizabeth James (Trustee of the Elizabeth L. James Trust)**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TRISTATE CAPITAL BANK | ) | CASE NO. 1:09-cv-01455-SO |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| vs. | ) | **EXHIBIT A TO STIPULATED** |
| | ) | **PROTECTIVE ORDER** |
| RED ROCK STAMPING LLC, et al. | ) | |
| | ) | |
| Defendants | ) | |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned has read the Protective Order in the above-referenced action, agrees to be bound by its terms, and understands and acknowledges that failure to comply could result in penalties for contempt.  The undersigned agrees that any Confidential Information he or she is shown, given access to, or given copies, summaries, or extracts thereof, as well as any information derived from such Confidential Information, shall be kept confidential, shall not be disclosed to any other person or entity, and shall be used solely for purposes related to the above-captioned action.  Upon the termination of this litigation, the undersigned shall return the Confidential Information to the attorney who provided such Confidential Information.

Signed: _____

Print Name: _____

Date: _____

2

**CERTIFICATE OF SERVICE**

      I hereby certify that the original of this document has been electronically filed with the Clerk of the Court; and that a true copy of this document has been forwarded to the parties via e-mail, on this 27th of January, 2010.

      /s/ Brad A. Sobolewski
      Attorney for Plaintiff TriState Capital Bank

2