IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TRISTATE CAPITAL BANK | ) | CASE NO. 1:09 CV 1455 |
| | ) | |
| Plaintiff | ) | JUDGE OLIVER |
| | ) | MAGISTRATE WHITE |
| vs. | ) | |
| | ) | **NOTICE OF ISSUANCE** |
| RED ROCK STAMPING LLC, et al. | ) | **OF SUBPOENAS** |
| | ) | |
| Defendants | ) | |
| | ) | |

     Defendants, Red Rock Stamping LLC, Hawthorn Manufacturing Corp., Tremont Manufacturing LLC and Columbus Components Group LLC, hereby give notice to the Court and all parties in this case that they have issued and are serving the Subpoenas attached hereto.

Respectfully submitted,

*/s/Patrick J. Keating*
Orville L. Reed, III (#0023522)
Patrick J. Keating (#0023481)
Joshua S. Berger (#0068478)
Buckingham, Doolittle & Burroughs, LLP
3800 Embassy Parkway, Suite 300
Akron, Ohio 44333
(330) 376-5300
*Attorneys for Defendants Red Rock Stamping LLC,*
*Tremont Manufacturing, LLC, Columbus*
*Components Group, LLC, Hawthorn*
*Manufacturing Co., Patrick James and Elizabeth*
*James (In Her Capacity as Trustee of the Elizabeth*
*L. James Trust)*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 28th day of January, 2010, a copy of the foregoing is being filed with the Court and sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Patrick J. Keating
Patrick J. Keating (#0023481)

«AK3:1017308_v1»

AO 88A  (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

# UNITED STATES DISTRICT COURT

### for the
#### Northern District of Ohio

| | |
|---|---|
| TRISTATE CAPITAL BANK,<br>*Plaintiff*<br>V.<br>RED ROCK STAMPING, LLC, et al.,<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) |

Civil Action No.   1:09-CV-1455

(If the action is pending in another district, state where:

## SUBPOENA TO TESTIFY AT A DEPOSITION
## OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To:  Records Custodian, Skoda Minotti, Certified Public Accountants
      3875 Embassy Pkwy., Suite 200, Fairlawn, OH  44333

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Buckingham Doolittle & Burroughs<br>3800 Embassy Pkwy, Suite 300<br>Akron, OH  44333 | Date and Time:<br>02/05/2010 10:00 |
|---|---|

The deposition will be recorded by this method:  _____

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Please see attached Exhibit A.

** Personal appearance is not necessary if the documents are produced on or before the scheduled date and time.
Please call Joshua Berger or his paralegal, Melissa Rinehart, at 330-376-5300 to make arrangements.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  _01/15/2010_

*CLERK OF COURT*                                    OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's Signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Red Rock Stamping LLC
_____ , who issues or requests this subpoena, are:

Joshua Berger, Esq.  telephone - 330-376-5300
3800 Embassy Pkwy, Suite 300
Akron, OH  44333

AO 88A (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 2)

Civil Action No. 1:09-CV-1455

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

◻ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

◻ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

◻ I served the subpoena on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

◻ I returned the subpoena unexecuted because _____ ; or

◻ Other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

<u>Exhibit A</u>

The following definitions and instructions are to be observed and used in interpreting and responding to this subpoena:

1. The term "document" means and includes, without limitation, the original, or absent the original, a true copy of paper or other thing containing notations or data from which intelligence can be perceived, including but not limited to letters, agreements, correspondence, memoranda, e-mails, notes, notices, records, work papers, books, ledgers, drawings, returns, written instruments, checks, telegrams, recordings, photographs, communications,   recordings of telephone conversations and calls, memoranda of telephone conversations and calls, memoranda, interoffice, contracts, installment agreements, insurance contracts or agreements, communications and correspondence, solicitations for and/or requests for quotation, quotations, purchase orders and/or purchase agreements, and all other writings, printings, drafts, copies, reproductions, data sheets, graphs, audio or video tapes of whatever type or format, computer data and/or charts in the possession, custody and/or control of you or any of your predecessors, successors, agents, employees or representatives.

2. The term "concerning" as used herein, means relating to, referring to, describing, evidencing, involving, setting forth, or constituting.

3. The term "communication" as used herein shall mean and include any inquiry, discussion, conversation, negotiation, agreement, understanding, meeting, telephone conversation, letter, correspondence, note, telegraph, e-mail, advertisement, or any other form of verbal intercourse, whether oral or written.

4. The term "Red Rock," as used herein, shall mean Red Rock Stamping, LLC, and any of its employees, agents and representatives.

5. The term "Tremont," as used herein, shall mean Tremont Manufacturing, LLC, and any of its employees, agents and representatives.

6. The term "CCG," as used herein, shall mean Columbus Components Group, LLC, and any of its employees, agents and representatives.

7. The term "Hawthorn," as used herein, shall mean Hawthorn Manufacturing Co., and any of its employees, agents and representatives.

8. The term "James," as used herein, shall refer to Patrick James.

9. The term "Trust," as used herein, shall refer to either or both (as applicable) of Elizabeth James and the Elizabeth James Trust, together with any of its employees, agents and representatives.

10. The term "Tristate" shall mean Tristate Capital Bank, together with any of its employees, agents and representatives.

11. The terms "you" or "your" (as applicable) shall mean Skoda, Minotti & Co., Certified Public Accountants, together with any shareholders, shareholder members, partners, agents, employees, directors, subsidiaries and wholly-owned companies thereof.

Produce the following documents for inspection and copying:

1. All documents created by you or on your behalf concerning any loans made by Tristate to Red Rock or Tremont from January 1, 2008 to the present.

2. All documents concerning any loans which Tristate contemplated making to Red Rock or Tremont from January 1, 2008 to the present.

3. All documents (including, without limitation, documents exchanged between you and Tristate) concerning any of the following: Red Rock, Tremont, CCG, Hawthorn, James or the Trust.

4. All documents concerning any effort by Tristate (or any person or entity hired or retained by Tristate) to sell assets or recover upon any loans made by Tristate to Tremont or Red Rock.

5. All documents which you have received from counsel for Tristate.

6. All documents which you have provided to counsel for Tristate.

7. All documents which you have provided to any person or entity employed or retained by Tristate concerning any of the following: Red Rock, Tremont, CCG, Hawthorn, James or the Trust.

«AK3:1014877_v1»

AO 88A  (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Ohio

| | | |
|---|---|---|
| TRISTATE CAPITAL BANK, | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:09-CV-1455 |
| RED ROCK STAMPING, LLC, et al., | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION
## OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To:  Records Custodian, Skoda Minotti, Certified Public Accountants
6685 Beta Dr., Mayfield Village, Ohio 44143

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Buckingham Doolittle & Burroughs<br>3800 Embassy Pkwy, Suite 300<br>Akron, OH  44333 | Date and Time:<br><br>02/05/2010 10:00 |
|---|---|

The deposition will be recorded by this method:  _____

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
Please see attached Exhibit A.

** Personal appearance is not necessary if the documents are produced on or before the scheduled date and time.
Please call Joshua Berger or his paralegal, Melissa Rinehart, at 330-376-5300 to make arrangements.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  _01/15/2010_

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Red Rock Stamping LLC
_____ , who issues or requests this subpoena, are:
Joshua Berger, Esq.  telephone - 330-376-5300
3800 Embassy Pkwy, Suite 300
Akron, OH  44333

AO 88A  (Rev.  01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 2)

Civil Action No.   1:09-CV-1455

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ Other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .


I declare under penalty of perjury that this information is true.


Date: _____           _____

                                                    *Server's signature*


                                 _____

                                                    *Printed name and title*


                                 _____

                                                    *Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev.  01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## Exhibit A

The following definitions and instructions are to be observed and used in interpreting and responding to this subpoena:

1. The term "document" means and includes, without limitation, the original, or absent the original, a true copy of paper or other thing containing notations or data from which intelligence can be perceived, including but not limited to letters, agreements, correspondence, memoranda, e-mails, notes, notices, records, work papers, books, ledgers, drawings, returns, written instruments, checks, telegrams, recordings, photographs, communications, recordings of telephone conversations and calls, memoranda of telephone conversations and calls, memoranda, interoffice, contracts, installment agreements, insurance contracts or agreements, communications and correspondence, solicitations for and/or requests for quotation, quotations, purchase orders and/or purchase agreements, and all other writings, printings, drafts, copies, reproductions, data sheets, graphs, audio or video tapes of whatever type or format, computer data and/or charts in the possession, custody and/or control of you or any of your predecessors, successors, agents, employees or representatives.

2. The term "concerning" as used herein, means relating to, referring to, describing, evidencing, involving, setting forth, or constituting.

3. The term "communication" as used herein shall mean and include any inquiry, discussion, conversation, negotiation, agreement, understanding, meeting, telephone conversation, letter, correspondence, note, telegraph, e-mail, advertisement, or any other form of verbal intercourse, whether oral or written.

4. The term "Red Rock," as used herein, shall mean Red Rock Stamping, LLC, and any of its employees, agents and representatives.

5. The term "Tremont," as used herein, shall mean Tremont Manufacturing, LLC, and any of its employees, agents and representatives.

6. The term "CCG," as used herein, shall mean Columbus Components Group, LLC, and any of its employees, agents and representatives.

7. The term "Hawthorn," as used herein, shall mean Hawthorn Manufacturing Co., and any of its employees, agents and representatives.

8. The term "James," as used herein, shall refer to Patrick James.

9. The term "Trust," as used herein, shall refer to either or both (as applicable) of Elizabeth James and the Elizabeth James Trust, together with any of its employees, agents and representatives.

10. The term "Tristate" shall mean Tristate Capital Bank, together with any of its employees, agents and representatives.

11. The terms "you" or "your" (as applicable) shall mean Skoda, Minotti & Co., Certified Public Accountants, together with any shareholders, shareholder members, partners, agents, employees, directors, subsidiaries and wholly-owned companies thereof.

Produce the following documents for inspection and copying:

1. All documents created by you or on your behalf concerning any loans made by Tristate to Red Rock or Tremont from January 1, 2008 to the present.

2. All documents concerning any loans which Tristate contemplated making to Red Rock or Tremont from January 1, 2008 to the present.

3. All documents (including, without limitation, documents exchanged between you and Tristate) concerning any of the following: Red Rock, Tremont, CCG, Hawthorn, James or the Trust.

4. All documents concerning any effort by Tristate (or any person or entity hired or retained by Tristate) to sell assets or recover upon any loans made by Tristate to Tremont or Red Rock.

5. All documents which you have received from counsel for Tristate.

6. All documents which you have provided to counsel for Tristate.

7. All documents which you have provided to any person or entity employed or retained by Tristate concerning any of the following: Red Rock, Tremont, CCG, Hawthorn, James or the Trust.

«AK3:1014877_v1»

AO 88A  (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Ohio

| | | |
|---|---|---|
| TRISTATE CAPITAL BANK, | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:09-CV-1455 |
| RED ROCK STAMPING, LLC, et al., | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION
## OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To:  M.P. Bronstein, Inc. c/o Mark Bronstein
     33940 Meadow Lane, Hunting Valley, OH  44022

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Buckingham Doolittle & Burroughs<br>3800 Embassy Pkwy, Suite 300<br>Akron, OH  44333 | Date and Time:<br>02/05/2010 10:00 |
|---|---|

The deposition will be recorded by this method: _____

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Please see attached Exhibit A.

** Personal appearance is not necessary if the documents are produced on or before the scheduled date and time.
Please call Joshua Berger or his paralegal, Melissa Rinehart, at 330-376-5300 to make arrangements.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   01/15/2010

                    *CLERK OF COURT*
                                                         OR
   _____          _____
       *Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
Hawthorn Manufacturing Corp. _____, who issues or requests this subpoena, are:
Joshua Berger, Esq.  telephone - 330-376-5300
3800 Embassy Pkwy, Suite 300
Akron, OH  44333

AO 88A (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 2)

Civil Action No. 1:09-CV-1455

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ Other *(specify)*:


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .


I declare under penalty of perjury that this information is true.


Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc:

AO 88A  (Rev.  01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## Exhibit A

The following definitions and instructions are to be observed and used in interpreting and responding to this subpoena:

1. The term "document" means and includes, without limitation, the original, or absent the original, a true copy of paper or other thing containing notations or data from which intelligence can be perceived, including but not limited to letters, agreements, correspondence, memoranda, e-mails, notes, notices, records, work papers, books, ledgers, drawings, returns, written instruments, checks, telegrams, recordings, photographs, communications, recordings of telephone conversations and calls, memoranda of telephone conversations and calls, memoranda, interoffice, contracts, installment agreements, insurance contracts or agreements, communications and correspondence, solicitations for and/or requests for quotation, quotations, purchase orders and/or purchase agreements, and all other writings, printings, drafts, copies, reproductions, data sheets, graphs, audio or video tapes of whatever type or format, computer data and/or charts in the possession, custody and/or control of you or any of your predecessors, successors, agents, employees or representatives.

2. The term "concerning" as used herein, means relating to, referring to, describing, evidencing, involving, setting forth, or constituting.

3. The term "communication" as used herein shall mean and include any inquiry, discussion, conversation, negotiation, agreement, understanding, meeting, telephone conversation, letter, correspondence, note, telegraph, e-mail, advertisement, or any other form of verbal intercourse, whether oral or written.

4. The term "Red Rock," as used herein, shall mean Red Rock Stamping, LLC, and any of its employees, agents and representatives.

5. The term "Tremont," as used herein, shall mean Tremont Manufacturing, LLC, and any of its employees, agents and representatives.

6. The term "CCG," as used herein, shall mean Columbus Components Group, LLC, and any of its employees, agents and representatives.

7. The term "Hawthorn," as used herein, shall mean Hawthorn Manufacturing Co., and any of its employees, agents and representatives.

8. The term "James," as used herein, shall refer to Patrick James.

9. The term "Trust," as used herein, shall refer to either or both (as applicable) of Elizabeth James and the Elizabeth James Trust, together with any of its employees, agents and representatives.

10. The term "Tristate" shall mean Tristate Capital Bank, together with any of its employees, agents and representatives.

11. The terms "you" or "your" (as applicable) shall mean M. P. Bronstein, Inc., together with any shareholders, shareholder members, partners, agents, employees, directors, subsidiaries and wholly-owned companies thereof.

Produce the following documents for inspection and copying:

1. All documents created by you or on your behalf concerning any loans made by Tristate to Red Rock or Tremont from January 1, 2008 to the present.

2. All documents concerning any loans which Tristate contemplated making to Red Rock or Tremont from January 1, 2008 to the present.

3. All documents (including, without limitation, documents exchanged between you and Tristate) concerning any of the following: Red Rock, Tremont, CCG, Hawthorn, James or the Trust.

4. All documents which you provided to any person or entity concerning any of the following: Red Rock, Tremont, CCG, Hawthorn, James or the Trust.

5. All documents provided to you by any person or entity concerning any of the following: Red Rock, Tremont, CCG, Hawthorn, James or the Trust.

6. All documents concerning any efforts by Tristate (or any person or entity hired or retained by Tristate) to sell assets or recover upon any loans made by Tristate to Tremont or Red Rock.

7. All documents which you have received from counsel for Tristate.

8. All documents which you have provided to counsel for Tristate.

9. All documents concerning any efforts by you or any other entity to value any assets owned or formerly owned by Red Rock, Tremont, CCG, Hawthorn, James or the Trust.

10. All documents concerning any offsets to receivables of any of the following: Red Rock or Tremont.

11. All documents which you have provided to any person or entity employed or retained by Tristate concerning any of the following: Red Rock, Tremont, CCG, Hawthorn, James or the Trust.

«AK3:1014879_v1»

AO 88A  (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Ohio

| | |
|---|---|
| TRISTATE CAPITAL BANK, | ) |
| *Plaintiff* | ) |
| v. | ) |
| RED ROCK STAMPING, LLC, et al., | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   1:09-CV-1455

(If the action is pending in another district, state where:

## SUBPOENA TO TESTIFY AT A DEPOSITION
## OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To:   L&B Management Associates c/o Mark Bronstein
33940 Meadow Lane, Hunting Valley, OH  44022

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Buckingham Doolittle & Burroughs<br>3800 Embassy Pkwy, Suite 300<br>Akron, OH  44333 | Date and Time:<br>02/05/2010 10:00 |
|---|---|

The deposition will be recorded by this method: _____

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Please see attached Exhibit A.

** Personal appearance is not necessary if the documents are produced on or before the scheduled date and time. Please call Joshua Berger or his paralegal, Melissa Rinehart, at 330-376-5300 to make arrangements.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   01/15/2010

*CLERK OF COURT*

OR

_____        _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
Tremont Manufacturing LLC _____, who issues or requests this subpoena, are:
Joshua Berger, Esq.  telephone - 330-376-5300
3800 Embassy Pkwy, Suite 300
Akron, OH  44333

AO 88A  (Rev.  01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 2)

Civil Action No.   1:09-CV-1455

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the subpoena on the individual at *(place)* _____

_____ ' on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ Other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev.  01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## Exhibit A

The following definitions and instructions are to be observed and used in interpreting and responding to this subpoena:

1. The term "document" means and includes, without limitation, the original, or absent the original, a true copy of paper or other thing containing notations or data from which intelligence can be perceived, including but not limited to letters, agreements, correspondence, memoranda, e-mails, notes, notices, records, work papers, books, ledgers, drawings, returns, written instruments, checks, telegrams, recordings, photographs, communications, recordings of telephone conversations and calls, memoranda of telephone conversations and calls, memoranda, interoffice, contracts, installment agreements, insurance contracts or agreements, communications and correspondence, solicitations for and/or requests for quotation, quotations, purchase orders and/or purchase agreements, and all other writings, printings, drafts, copies, reproductions, data sheets, graphs, audio or video tapes of whatever type or format, computer data and/or charts in the possession, custody and/or control of you or any of your predecessors, successors, agents, employees or representatives.

2. The term "concerning" as used herein, means relating to, referring to, describing, evidencing, involving, setting forth, or constituting.

3. The term "communication" as used herein shall mean and include any inquiry, discussion, conversation, negotiation, agreement, understanding, meeting, telephone conversation, letter, correspondence, note, telegraph, e-mail, advertisement, or any other form of verbal intercourse, whether oral or written.

4. The term "Red Rock," as used herein, shall mean Red Rock Stamping, LLC, and any of its employees, agents and representatives.

5. The term "Tremont," as used herein, shall mean Tremont Manufacturing, LLC, and any of its employees, agents and representatives.

6. The term "CCG," as used herein, shall mean Columbus Components Group, LLC, and any of its employees, agents and representatives.

7. The term "Hawthorn," as used herein, shall mean Hawthorn Manufacturing Co., and any of its employees, agents and representatives.

8. The term "James," as used herein, shall refer to Patrick James.

9. The term "Trust," as used herein, shall refer to either or both (as applicable) of Elizabeth James and the Elizabeth James Trust, together with any of its employees, agents and representatives.

10. The term "Tristate" shall mean Tristate Capital Bank, together with any of its employees, agents and representatives.

11. The terms "you" or "your" (as applicable) shall mean L & B Management Associates, together with any shareholders, shareholder members, partners, agents, employees, directors, subsidiaries and wholly-owned companies thereof.

Produce the following documents for inspection and copying:

1. All documents created by you or on your behalf concerning any loans made by Tristate to Red Rock or Tremont from January 1, 2008 to the present.

2. All documents concerning any loans which Tristate contemplated making to Red Rock or Tremont from January 1, 2008 to the present.

3. All documents (including, without limitation, documents exchanged between you and Tristate) concerning any of the following: Red Rock, Tremont, CCG, Hawthorn, James or the Trust.

4. All documents which you provided to any person or entity concerning any of the following: Red Rock, Tremont, CCG, Hawthorn, James or the Trust.

5. All documents provided to you by any person or entity concerning any of the following: Red Rock, Tremont, CCG, Hawthorn, James or the Trust.

6. All documents concerning any efforts by Tristate (or any person or entity hired or retained by Tristate) to sell assets or recover upon any loans made by Tristate to Tremont or Red Rock.

7. All documents which you have received from counsel for Tristate.

8. All documents which you have provided to counsel for Tristate.

9. All documents concerning any efforts by you or any other entity to value any assets owned or formerly owned by Red Rock, Tremont, CCG, Hawthorn, James or the Trust.

10. All documents concerning any offsets to receivables of any of the following: Red Rock or Tremont.

11. All documents which you have provided to any person or entity employed or retained by Tristate concerning any of the following: Red Rock, Tremont, CCG, Hawthorn, James or the Trust.

«AK3:1015587_v1»

AO 88A  (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Ohio

| | |
|---|---|
| TRISTATE CAPITAL BANK, | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No.   1:09-CV-1455 |
| RED ROCK STAMPING, LLC, et al., | ) |
| | )  (If the action is pending in another district, state where: |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION
## OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To:  L&B Management Associates c/o Mark Bronstein
     3901 Hamilton Ave., Cleveland, OH  44114

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Buckingham Doolittle & Burroughs<br>3800 Embassy Pkwy, Suite 300<br>Akron, OH  44333 | Date and Time:<br><br>02/05/2010 10:00 |
|---|---|

The deposition will be recorded by this method:  _____

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Please see attached Exhibit A.

** Personal appearance is not necessary if the documents are produced on or before the scheduled date and time. Please call Joshua Berger or his paralegal, Melissa Rinehart, at 330-376-5300 to make arrangements.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  01/15/2010

*CLERK OF COURT*

OR

_____        _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  _____
Tremont Manufacturing LLC                                , who issues or requests this subpoena, are:
Joshua Berger, Esq.  telephone - 330-376-5300
3800 Embassy Pkwy, Suite 300
Akron, OH  44333

AO 88A  (Rev.  01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 2)

Civil Action No.  1:09-CV-1455

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the subpoena on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❑ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the subpoena on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because _____ ; or

❑ Other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .


I declare under penalty of perjury that this information is true.


Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## Exhibit A

The following definitions and instructions are to be observed and used in interpreting and responding to this subpoena:

1. The term "document" means and includes, without limitation, the original, or absent the original, a true copy of paper or other thing containing notations or data from which intelligence can be perceived, including but not limited to letters, agreements, correspondence, memoranda, e-mails, notes, notices, records, work papers, books, ledgers, drawings, returns, written instruments, checks, telegrams, recordings, photographs, communications, recordings of telephone conversations and calls, memoranda of telephone conversations and calls, memoranda, interoffice, contracts, installment agreements, insurance contracts or agreements, communications and correspondence, solicitations for and/or requests for quotation, quotations, purchase orders and/or purchase agreements, and all other writings, printings, drafts, copies, reproductions, data sheets, graphs, audio or video tapes of whatever type or format, computer data and/or charts in the possession, custody and/or control of you or any of your predecessors, successors, agents, employees or representatives.

2. The term "concerning" as used herein, means relating to, referring to, describing, evidencing, involving, setting forth, or constituting.

3. The term "communication" as used herein shall mean and include any inquiry, discussion, conversation, negotiation, agreement, understanding, meeting, telephone conversation, letter, correspondence, note, telegraph, e-mail, advertisement, or any other form of verbal intercourse, whether oral or written.

4. The term "Red Rock," as used herein, shall mean Red Rock Stamping, LLC, and any of its employees, agents and representatives.

5. The term "Tremont," as used herein, shall mean Tremont Manufacturing, LLC, and any of its employees, agents and representatives.

6. The term "CCG," as used herein, shall mean Columbus Components Group, LLC, and any of its employees, agents and representatives.

7. The term "Hawthorn," as used herein, shall mean Hawthorn Manufacturing Co., and any of its employees, agents and representatives.

8. The term "James," as used herein, shall refer to Patrick James.

9. The term "Trust," as used herein, shall refer to either or both (as applicable) of Elizabeth James and the Elizabeth James Trust, together with any of its employees, agents and representatives.

10. The term "Tristate" shall mean Tristate Capital Bank, together with any of its employees, agents and representatives.

11. The terms "you" or "your" (as applicable) shall mean L & B Management Associates, together with any shareholders, shareholder members, partners, agents, employees, directors, subsidiaries and wholly-owned companies thereof.

Produce the following documents for inspection and copying:

1. All documents created by you or on your behalf concerning any loans made by Tristate to Red Rock or Tremont from January 1, 2008 to the present.

2. All documents concerning any loans which Tristate contemplated making to Red Rock or Tremont from January 1, 2008 to the present.

3. All documents (including, without limitation, documents exchanged between you and Tristate) concerning any of the following: Red Rock, Tremont, CCG, Hawthorn, James or the Trust.

4. All documents which you provided to any person or entity concerning any of the following: Red Rock, Tremont, CCG, Hawthorn, James or the Trust.

5. All documents provided to you by any person or entity concerning any of the following: Red Rock, Tremont, CCG, Hawthorn, James or the Trust.

6. All documents concerning any efforts by Tristate (or any person or entity hired or retained by Tristate) to sell assets or recover upon any loans made by Tristate to Tremont or Red Rock.

7. All documents which you have received from counsel for Tristate.

8. All documents which you have provided to counsel for Tristate.

9. All documents concerning any efforts by you or any other entity to value any assets owned or formerly owned by Red Rock, Tremont, CCG, Hawthorn, James or the Trust.

10. All documents concerning any offsets to receivables of any of the following: Red Rock or Tremont.

11. All documents which you have provided to any person or entity employed or retained by Tristate concerning any of the following: Red Rock, Tremont, CCG, Hawthorn, James or the Trust.

AO 88A  (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Ohio

| | | |
|---|---|---|
| TRISTATE CAPITAL BANK, | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:09-CV-1455 |
| RED ROCK STAMPING, LLC, et al., | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION
## OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To:  L & B Liquidation Corp. c/o Mark Bronstein
    33940 Meadow Lane, Hunting Valley, OH  44022

    ☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Buckingham Doolittle & Burroughs<br>3800 Embassy Pkwy, Suite 300<br>Akron, OH  44333 | Date and Time:<br>    02/05/2010 10:00 |
|---|---|

    The deposition will be recorded by this method: _____

    ☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Please see attached Exhibit A.

** Personal appearance is not necessary if the documents are produced on or before the scheduled date and time.
Please call Joshua Berger or his paralegal, Melissa Rinehart, at 330-376-5300 to make arrangements.

    The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   01/15/2010

      *CLERK OF COURT*
                              OR

  _____      _____
    *Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
      Columbus Components Group LLC            , who issues or requests this subpoena, are:
Joshua Berger, Esq.  telephone - 330-376-5300
3800 Embassy Pkwy, Suite 300
Akron, OH  44333

AO 88A  (Rev.  01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 2)

Civil Action No.   1:09-CV-1455

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I personally served the subpoena on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ Other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .


I declare under penalty of perjury that this information is true.


Date: _____        _____
                                              *Server's signature*

                                      _____
                                              *Printed name and title*


                                      _____
                                              *Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev.  01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

<u>Exhibit A</u>

The following definitions and instructions are to be observed and used in interpreting and responding to this subpoena:

1. The term "document" means and includes, without limitation, the original, or absent the original, a true copy of paper or other thing containing notations or data from which intelligence can be perceived, including but not limited to letters, agreements, correspondence, memoranda, e-mails, notes, notices, records, work papers, books, ledgers, drawings, returns, written instruments, checks, telegrams, recordings, photographs, communications, recordings of telephone conversations and calls, memoranda of telephone conversations and calls, memoranda, interoffice, contracts, installment agreements, insurance contracts or agreements, communications and correspondence, solicitations for and/or requests for quotation, quotations, purchase orders and/or purchase agreements, and all other writings, printings, drafts, copies, reproductions, data sheets, graphs, audio or video tapes of whatever type or format, computer data and/or charts in the possession, custody and/or control of you or any of your predecessors, successors, agents, employees or representatives.

2. The term "concerning" as used herein, means relating to, referring to, describing, evidencing, involving, setting forth, or constituting.

3. The term "communication" as used herein shall mean and include any inquiry, discussion, conversation, negotiation, agreement, understanding, meeting, telephone conversation, letter, correspondence, note, telegraph, e-mail, advertisement, or any other form of verbal intercourse, whether oral or written.

4. The term "Red Rock," as used herein, shall mean Red Rock Stamping, LLC, and any of its employees, agents and representatives.

5. The term "Tremont," as used herein, shall mean Tremont Manufacturing, LLC, and any of its employees, agents and representatives.

6. The term "CCG," as used herein, shall mean Columbus Components Group, LLC, and any of its employees, agents and representatives.

7. The term "Hawthorn," as used herein, shall mean Hawthorn Manufacturing Co., and any of its employees, agents and representatives.

8. The term "James," as used herein, shall refer to Patrick James.

9. The term "Trust," as used herein, shall refer to either or both (as applicable) of Elizabeth James and the Elizabeth James Trust, together with any of its employees, agents and representatives.

10. The term "Tristate" shall mean Tristate Capital Bank, together with any of its employees, agents and representatives.

11. The terms "you" or "your" (as applicable) shall mean L & B Liquidation Corporation, together with any shareholders, shareholder members, partners, agents, employees, directors, subsidiaries and wholly-owned companies thereof.

Produce the following documents for inspection and copying:

1. All documents created by you or on your behalf concerning any loans made by Tristate to Red Rock or Tremont from January 1, 2008 to the present.

2. All documents concerning any loans which Tristate contemplated making to Red Rock or Tremont from January 1, 2008 to the present.

3. All documents (including, without limitation, documents exchanged between you and Tristate) concerning any of the following: Red Rock, Tremont, CCG, Hawthorn, James or the Trust.

4. All documents which you provided to any person or entity concerning any of the following: Red Rock, Tremont, CCG, Hawthorn, James or the Trust.

5. All documents provided to you by any person or entity concerning any of the following: Red Rock, Tremont, CCG, Hawthorn, James or the Trust.

6. All documents concerning any efforts by Tristate (or any person or entity hired or retained by Tristate) to sell assets or recover upon any loans made by Tristate to Tremont or Red Rock.

7. All documents which you have received from counsel for Tristate.

8. All documents which you have provided to counsel for Tristate.

9. All documents concerning any efforts by you or any other entity to value any assets owned or formerly owned by Red Rock, Tremont, CCG, Hawthorn, James or the Trust.

10. All documents concerning any offsets to receivables of any of the following: Red Rock or Tremont.

11. All documents which you have provided to any person or entity employed or retained by Tristate concerning any of the following: Red Rock, Tremont, CCG, Hawthorn, James or the Trust.

«AK3:1015587_v1»

AO 88A (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Ohio

| | | |
|---|---|---|
| TRISTATE CAPITAL BANK, | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:09-CV-1455 |
| RED ROCK STAMPING, LLC, et al., | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION
## OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To:  L & B Liquidation Corp. c/o Mark Bronstein
438 Statler Office Tower, Cleveland, OH  44114

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Buckingham Doolittle & Burroughs<br>3800 Embassy Pkwy, Suite 300<br>Akron, OH  44333 | Date and Time:<br><br>02/05/2010 10:00 |
|---|---|

The deposition will be recorded by this method: _____

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Please see attached Exhibit A.

** Personal appearance is not necessary if the documents are produced on or before the scheduled date and time. Please call Joshua Berger or his paralegal, Melissa Rinehart, at 330-376-5300 to make arrangements.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   01/15/2010

*CLERK OF COURT*

OR

_____        _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  _____
Columbus Components Group LLC _____ , who issues or requests this subpoena, are:

Joshua Berger, Esq.  telephone - 330-376-5300
3800 Embassy Pkwy, Suite 300
Akron, OH  44333

AO 88A  (Rev.  01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 2)

Civil Action No.   1:09-CV-1455

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the subpoena on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because _____ ; or

❏ Other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $        0.00         .


I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc:

AO 88A  (Rev.  01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## Exhibit A

The following definitions and instructions are to be observed and used in interpreting and responding to this subpoena:

1.  The term "document" means and includes, without limitation, the original, or absent the original, a true copy of paper or other thing containing notations or data from which intelligence can be perceived, including but not limited to letters, agreements, correspondence, memoranda, e-mails, notes, notices, records, work papers, books, ledgers, drawings, returns, written instruments, checks, telegrams, recordings, photographs, communications,    recordings of telephone conversations and calls, memoranda of telephone conversations and calls, memoranda, interoffice, contracts, installment agreements, insurance contracts or agreements, communications and correspondence, solicitations for and/or requests for quotation, quotations, purchase orders and/or purchase agreements, and all other writings, printings, drafts, copies, reproductions, data sheets, graphs, audio or video tapes of whatever type or format, computer data and/or charts in the possession, custody and/or control of you or any of your predecessors, successors, agents, employees or representatives.

2.  The term "concerning" as used herein, means relating to, referring to, describing, evidencing, involving, setting forth, or constituting.

3.  The term "communication" as used herein shall mean and include any inquiry, discussion, conversation, negotiation, agreement, understanding, meeting, telephone conversation, letter, correspondence, note, telegraph, e-mail, advertisement, or any other form of verbal intercourse, whether oral or written.

4.  The term "Red Rock," as used herein, shall mean Red Rock Stamping, LLC, and any of its employees, agents and representatives.

5.  The term "Tremont," as used herein, shall mean Tremont Manufacturing, LLC, and any of its employees, agents and representatives.

6.  The term "CCG," as used herein, shall mean Columbus Components Group, LLC, and any of its employees, agents and representatives.

7.  The term "Hawthorn," as used herein, shall mean Hawthorn Manufacturing Co., and any of its employees, agents and representatives.

8.  The term "James," as used herein, shall refer to Patrick James.

9.  The term "Trust," as used herein, shall refer to either or both (as applicable) of Elizabeth James and the Elizabeth James Trust, together with any of its employees, agents and representatives.

10. The term "Tristate" shall mean Tristate Capital Bank, together with any of its employees, agents and representatives.

11. The terms "you" or "your" (as applicable) shall mean L & B Liquidation Corporation, together with any shareholders, shareholder members, partners, agents, employees, directors, subsidiaries and wholly-owned companies thereof.

Produce the following documents for inspection and copying:

1. All documents created by you or on your behalf concerning any loans made by Tristate to Red Rock or Tremont from January 1, 2008 to the present.

2. All documents concerning any loans which Tristate contemplated making to Red Rock or Tremont from January 1, 2008 to the present.

3. All documents (including, without limitation, documents exchanged between you and Tristate) concerning any of the following: Red Rock, Tremont, CCG, Hawthorn, James or the Trust.

4. All documents which you provided to any person or entity concerning any of the following: Red Rock, Tremont, CCG, Hawthorn, James or the Trust.

5. All documents provided to you by any person or entity concerning any of the following: Red Rock, Tremont, CCG, Hawthorn, James or the Trust.

6. All documents concerning any efforts by Tristate (or any person or entity hired or retained by Tristate) to sell assets or recover upon any loans made by Tristate to Tremont or Red Rock.

7. All documents which you have received from counsel for Tristate.

8. All documents which you have provided to counsel for Tristate.

9. All documents concerning any efforts by you or any other entity to value any assets owned or formerly owned by Red Rock, Tremont, CCG, Hawthorn, James or the Trust.

10. All documents concerning any offsets to receivables of any of the following: Red Rock or Tremont.

11. All documents which you have provided to any person or entity employed or retained by Tristate concerning any of the following: Red Rock, Tremont, CCG, Hawthorn, James or the Trust.

«AK3:1015587_v1»

AO 88A  (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Ohio

| | |
|---|---|
| TRISTATE CAPITAL BANK, | ) |
| *Plaintiff* | ) |
| v. | ) |
| RED ROCK STAMPING, LLC, et al., | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   1:09-CV-1455

(If the action is pending in another district, state where:

## SUBPOENA TO TESTIFY AT A DEPOSITION
## OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To:  Mark Bronstein
      33940 Meadow Lane, Hunting Valley, OH  44022

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Buckingham Doolittle & Burroughs | Date and Time: |
|---|---|
| 3800 Embassy Pkwy, Suite 300 | |
| Akron, OH  44333 | 02/05/2010 10:00 |

The deposition will be recorded by this method: _____

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Please see attached Exhibit A.

** Personal appearance is not necessary if the documents are produced on or before the scheduled date and time.
Please call Joshua Berger or his paralegal, Melissa Rinehart, at 330-376-5300 to make arrangements.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   01/15/2010

*CLERK OF COURT*

OR

_____                    _____
      *Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
Hawthorn Manufacturing Corp. _____ , who issues or requests this subpoena, are:
Joshua Berger, Esq.  telephone - 330-376-5300
3800 Embassy Pkwy, Suite 300
Akron, OH  44333

AO 88A (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 2)

Civil Action No.  1:09-CV-1455

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ Other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .


I declare under penalty of perjury that this information is true.


Date: _____

_____                    _____
                                                                *Server's signature*

                                                   _____
                                                                *Printed name and title*


                                                   _____
                                                                *Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev.  01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

<u>Exhibit A</u>

The following definitions and instructions are to be observed and used in interpreting and responding to this subpoena:

1.  The term "document" means and includes, without limitation, the original, or absent the original, a true copy of paper or other thing containing notations or data from which intelligence can be perceived, including but not limited to letters, agreements, correspondence, memoranda, e-mails, notes, notices, records, work papers, books, ledgers, drawings, returns, written instruments, checks, telegrams, recordings, photographs, communications, recordings of telephone conversations and calls, memoranda of telephone conversations and calls, memoranda, interoffice, contracts, installment agreements, insurance contracts or agreements, communications and correspondence, solicitations for and/or requests for quotation, quotations, purchase orders and/or purchase agreements, and all other writings, printings, drafts, copies, reproductions, data sheets, graphs, audio or video tapes of whatever type or format, computer data and/or charts in the possession, custody and/or control of you or any of your predecessors, successors, agents, employees or representatives.

2.  The term "concerning" as used herein, means relating to, referring to, describing, evidencing, involving, setting forth, or constituting.

3.  The term "communication" as used herein shall mean and include any inquiry, discussion, conversation, negotiation, agreement, understanding, meeting, telephone conversation, letter, correspondence, note, telegraph, e-mail, advertisement, or any other form of verbal intercourse, whether oral or written.

4.  The term "Red Rock," as used herein, shall mean Red Rock Stamping, LLC, and any of its employees, agents and representatives.

5.  The term "Tremont," as used herein, shall mean Tremont Manufacturing, LLC, and any of its employees, agents and representatives.

6.  The term "CCG," as used herein, shall mean Columbus Components Group, LLC, and any of its employees, agents and representatives.

7.  The term "Hawthorn," as used herein, shall mean Hawthorn Manufacturing Co., and any of its employees, agents and representatives.

8.  The term "James," as used herein, shall refer to Patrick James.

9.  The term "Trust," as used herein, shall refer to either or both (as applicable) of Elizabeth James and the Elizabeth James Trust, together with any of its employees, agents and representatives.

10. The term "Tristate" shall mean Tristate Capital Bank, together with any of its employees, agents and representatives.

11. The terms "you" or "your" (as applicable) shall mean Mark Bronstein,, together with any company or entity owned in whole or in part, directly or indirectly, by Mark Bronstein.

Produce the following documents for inspection and copying:

1. All documents created by you or on your behalf concerning any loans made by Tristate to Red Rock or Tremont from January 1, 2008 to the present.

2. All documents concerning any loans which Tristate contemplated making to Red Rock or Tremont from January 1, 2008 to the present.

3. All documents (including, without limitation, documents exchanged between you and Tristate) concerning any of the following: Red Rock, Tremont, CCG, Hawthorn, James or the Trust.

4. All documents which you provided to any person or entity concerning any of the following: Red Rock, Tremont, CCG, Hawthorn, James or the Trust.

5. All documents provided to you by any person or entity concerning any of the following: Red Rock, Tremont, CCG, Hawthorn, James or the Trust.

6. All documents concerning any efforts by Tristate (or any person or entity hired or retained by Tristate) to sell assets or recover upon any loans made by Tristate to Tremont or Red Rock.

7. All documents which you have received from counsel for Tristate.

8. All documents which you have provided to counsel for Tristate.

9. All documents concerning any efforts by you or any other entity to value any assets owned or formerly owned by Red Rock, Tremont, CCG, Hawthorn, James or the Trust.

10. All documents concerning any offsets to receivables of any of the following: Red Rock or Tremont.

11. All documents which you have provided to any person or entity employed or retained by Tristate concerning any of the following: Red Rock, Tremont, CCG, Hawthorn, James or the Trust.

«AK3:1015589_v1»