UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TRISTATE CAPITAL BANK, | ) | CASE NO. 1:09 CV 1455-so |
| | ) | |
| Plaintiff, | ) | JUDGE OLIVER |
| | ) | |
| vs. | ) | |
| | ) | **ANSWER OF DEFENDANT RED ROCK** |
| RED ROCK STAMPING, LLC, et al. | ) | **STAMPING, LLC TO PLAINTIFF'S** |
| | ) | **FIRST AMENDED COMPLAINT** |
| Defendants. | ) | |

For its Answer to the First Amended Complaint ("Complaint") of Plaintiff Tristate Capital Bank ("Bank" or "Plaintiff"), Defendant Red Rock Stamping, LLC ("Red Rock"), through counsel, states and avers as follows:

1.     Red Rock is without sufficient information or knowledge to form an opinion or belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and therefore denies same.

2.     Red Rock admits that it is a limited liability company organized under the laws of the State of Ohio, that it has conducted business in Ohio and that it formerly conducted business in Arizona.   Red Rock denies the remaining allegations contained in Paragraph 2 of the Complaint.

3.     Red Rock admits the allegations contained in Paragraph 3 of the Complaint.

4.     Red Rock admits the allegations contained in Paragraph 4 of the Complaint.

5.     Red Rock admits the allegations contained in Paragraph 5 of the Complaint.

6.     Red Rock admits the allegations contained in Paragraph 6 of the Complaint.

7.     Red Rock admits that Elizabeth James is a resident of Ohio, but denies that she is a Defendant in this action in her individual capacity.

8.　　Red Rock admits that it is owned, individually or through subsidiaries, in whole or in part by James.  Red Rock admits that certain Defendants may have received fees certain fees from Red Rock from time to time, but denies that such fees were "substantial," as alleged in the Complaint.  Red Rock further avers that any such fees paid were for valuable consideration, and were paid with Plaintiff's knowledge and consent.　Red Rock denies all remaining allegations contained in Paragraph 8 of the Complaint as they pertain to it, and further denies all remaining allegations contained in Paragraph 8 of the Complaint for want of knowledge.

9.　　Red Rock admits the allegations contained in Paragraph 9 of the Complaint.

10.　　Red Rock admits the allegations contained in Paragraph 10 of the Complaint.

11.　　Red Rock admits that: (a) Exhibit A to the Complaint appears to be a purported Credit and Security Agreement between Plaintiff, Red Rock and Tremont Manufacturing, LLC ("Tremont") dated April 30, 2008 ("Credit Agreement"), the terms of which speak for themselves; (b) Exhibit B to the Complaint appears to be a purported Revolving Promissory Note between Plaintiff, Red Rock and Tremont dated April 30, 2008 ("Promissory Note"), the terms of which speak for themselves; (c) Exhibit C to the Complaint appears to be a purported Term Note dated April 30, 2008, the terms of which speak for themselves; and (d) Exhibit D to the Complaint appears to be purported UCC financing statements, the terms of which speak for themselves.  Red Rock denies all remaining allegations contained in Paragraph 11 of the Complaint as they pertain to it, and otherwise all remaining allegations contained therein for want of knowledge.

12.　　Red Rock admits that it has periodically submitted to Plaintiff borrowing base certificates, the terms of which are self-evident, but otherwise denies the remaining allegations set forth in Paragraph 12 of the Complaint.

13.     Red Rock admits that it has periodically submitted to Plaintiff borrowing base certificates, the terms of which are self-evident, but otherwise denies the remaining allegations set forth in Paragraph 13 of the Complaint.

14.     Red Rock denies the allegations contained in Paragraph 14 of the Complaint.

15.     Red Rock admits that Patrick James informed Plaintiff prior to December 16, 2008 that the operations at the Red Rock facility were in the process of being shut down, and admits that the shutdown of Red Rock was discussed at a meeting with Bank personnel on or about December 16, 2008, but otherwise denies the remaining allegations contained in Paragraph 15 of the Complaint.

16.     Red Rock states that the terms of the Loan Documents are self-evident, but otherwise denies the allegations contained in paragraph 16 of the Complaint.

17.     Red Rock states that the terms of any borrowing base certificate submitted by it to the Bank are self-evident, but otherwise denies the allegations set forth in Paragraph 17 of the Complaint.

18.     Red Rock denies the allegations contained in Paragraph 18 of the Complaint.

19.     Red Rock denies the allegations contained in Paragraph 19 of the Complaint.

20.     Red Rock denies the allegations contained in Paragraph 20 of the Complaint.

21.     Red Rock admits the allegations contained in Paragraph 21 of the Complaint as they pertain to it.

22.     Red Rock admits the allegations contained in Paragraph 22 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

23.     Red Rock states that the terms of the Credit Agreement are self-evident, but otherwise denies the remaining allegations contained in Paragraph 23 of the Complaint.

24.    Red Rock states that the terms of the Credit Agreement are self-evident, but otherwise denies the remaining allegations contained in Paragraph 24 of the Complaint.

25.    Red Rock states that the terms of the Credit Agreement are self-evident, but otherwise denies the remaining allegations contained in Paragraph 25 of the Complaint.

26.    Red Rock admits the allegations contained in Paragraph 26 of the Complaint.

27.    Red Rock denies the allegations contained in Paragraph 27 of the Complaint.

28.    Red Rock states that the terms of the Wind Down Agreement are self-evident, but otherwise denies the remaining allegations set forth in Paragraph 28 of the Complaint.

29.    Red Rock states that the terms of the Wind Down Agreement are self-evident, but otherwise denies the remaining allegations set forth in Paragraph 29 of the Complaint.

30.    Red Rock states that the terms of the Wind Down Agreement are self-evident, but otherwise denies the remaining allegations set forth in Paragraph 30 of the Complaint.

31.    Red Rock states that the terms of the Wind Down Agreement are self-evident, but otherwise denies the remaining allegations set forth in Paragraph 31 of the Complaint.

32.    Red Rock states that the terms of the Wind Down Agreement are self-evident, but otherwise denies the remaining allegations set forth in Paragraph 32 of the Complaint.

33.    Red Rock states that the terms of the Wind Down Agreement are self-evident, but otherwise denies the remaining allegations set forth in Paragraph 33 of the Complaint.

34.    Red Rock states that the terms of the Wind Down Agreement are self-evident, but otherwise denies the remaining allegations set forth in Paragraph 34 of the Complaint.

35.    Red Rock states that the terms of the Wind Down Agreement are self-evident, but otherwise denies the remaining allegations set forth in Paragraph 35 of the Complaint.

36.    Red Rock states that the terms of the Wind Down Agreement are self-evident, but otherwise denies the remaining allegations set forth in Paragraph 36 of the Complaint.

4

37.     Red Rock denies the allegations contained in Paragraph 37 of the Complaint.

38.     Red Rock admits that it has complied with the terms of the Wind Down Agreement, and delivered numerous boxes of financial records and other data to Bank on multiple occasions, but otherwise denies the allegations contained in Paragraph 38 of the Complaint.

39.     Red Rock denies the allegations contained in Paragraph 39 of the Complaint.

40.     Red Rock denies the allegations contained in Paragraph 40 of the Complaint.

41.     Red Rock states that the terms of the Exhibit G attached to the Complaint are self-evident, but otherwise denies the allegations set forth in Paragraph 41 of the Complaint.

42.     Red Rock denies the allegations contained in Paragraph 42 of the Complaint.

43.     Red Rock denies the allegations contained in Paragraph 43 of the Complaint.

44.     Red Rock denies the allegations contained in Paragraph 44 of the Complaint.

45.     Red Rock admits that the Bank claims a first and best security interest against substantially all of the assets of Red Rock as set forth in the Loan Documents, the terms of which are self-evident, but otherwise denies the allegations set forth in Paragraph 45 of the Complaint.

46.     Red Rock denies the allegations contained in Paragraph 46 of the Complaint.

47.     Red Rock denies the allegations contained in Paragraph 47 of the Complaint.

48.     Red Rock admits the allegations contained in Paragraph 48 of the Complaint.

49.     Red Rock denies the allegations contained in Paragraph 49 of the Complaint.

50.     Red Rock denies the allegations contained in Paragraph 50 of the Complaint.

51.     Red Rock denies the allegations contained in Paragraph 51 of the Complaint.

52.     Red Rock admits that it did not tell the Bank that the inventory value of the borrowing base certificates submitted by it were materially misleading, and denies that said

inventory values were materially misleading, and further denies the remaining allegations set forth in Paragraph 52 of the Complaint

53.     Red Rock denies the allegations contained in Paragraph 53 of the Complaint.

54.     Red Rock states that the terms of the Subordination Agreement referenced in Paragraph 54 of the Complaint are self-evident, and Red Rock otherwise denies the allegations set forth in Paragraph 54 of the Complaint.

55.     Red Rock states that the terms of the Subordination Agreement referenced in Paragraph 55 of the Complaint are self-evident, and Red Rock otherwise denies the allegations set forth in Paragraph 55 of the Complaint.

56.     Red Rock denies the allegations contained in Paragraph 56 of the Complaint.

57.     Red Rock denies the allegations contained in Paragraph 57 of the Complaint.

58.     Red Rock denies the allegations contained in Paragraph 58 of the Complaint.

59.     Red Rock states that the terms of the Credit Agreement are self-evident, but otherwise denies the allegations set forth in Paragraph 59 of the Complaint.

60.     Red Rock states that the terms of the Wind Down Agreement are self-evident, but otherwise denies the allegations set forth in Paragraph 60 of the Complaint.

61.     Red Rock denies the allegations contained in Paragraph 61 of the Complaint.

62.     Red Rock denies the allegations contained in Paragraph 62 of the Complaint.

63.     Red Rock denies the allegations contained in Paragraph 63 of the Complaint.

64.     Red Rock denies the allegations contained in Paragraph 64 of the Complaint.

65.     Red Rock admits that its principal owners are Defendant Patrick James and Elizabeth James, as Trustee of the Elizabeth L. James Trust, but otherwise denies the remaining allegations therein for want of knowledge.

66.     Red Rock denies the allegations contained in Paragraph 66 of the Complaint.

67.     Red Rock denies, for want of knowledge, the allegations contained in Paragraph 67 of the Complaint.

68.     Red Rock denies the allegations contained in Paragraph 68 of the Complaint.

69.     Answering Paragraph 69 of the Complaint, Red Rock incorporates by reference its responses and averments to Paragraphs 1 through 68 of the Complaint as set forth above, each as if fully rewritten herein.  Red Rock denies all remaining allegation contained in Paragraph 69 of the Complaint.

70.     Red Rock denies the allegations contained in Paragraph 70 of the Complaint.

71.     Red Rock denies the allegations contained in Paragraph 71 of the Complaint.

72.     Red Rock denies the allegations contained in Paragraph 72 of the Complaint.

73.     Red Rock denies the allegations contained in Paragraph 73 of the Complaint.

74.     Red Rock denies the allegations contained in Paragraph 74 of the Complaint.

75.     Red Rock denies the allegations contained in Paragraph 75 of the Complaint.

76.     Red Rock denies the allegations contained in Paragraph 76 of the Complaint.

77.     Red Rock denies the allegations contained in Paragraph 77 of the Complaint.

78.     Red Rock denies the allegations contained in Paragraph 78 of the Complaint.

79.     Red Rock denies the allegations contained in Paragraph 79 of the Complaint.

80.     Red Rock denies the allegations contained in Paragraph 80 of the Complaint.

81.     Red Rock denies the allegations contained in Paragraph 81 of the Complaint.

82.     Red Rock denies the allegations contained in Paragraph 82 of the Complaint.

83.     Answering Paragraph 83 of the Complaint, Red Rock incorporates by reference its responses and averments to Paragraphs 1 through 82 of the Complaint as set forth above, each as if fully rewritten herein.  Red Rock denies all remaining allegation contained in Paragraph 83 of the Complaint.

84.     Red Rock denies the allegations contained in Paragraph 84 of the Complaint.

85.     Red Rock denies the allegations contained in Paragraph 85 of the Complaint.

86.     Red Rock denies the allegations contained in Paragraph 86 of the Complaint.

87.     Red Rock denies the allegations contained in Paragraph 87 of the Complaint.

88.     Paragraph 88 of the Complaint appears to be aimed at other Defendants, hence, no response from Red Rock is necessary. To the extent a response from Red Rock is deemed necessary or appropriate, Red Rock denies the allegations contained in Paragraph 88 of the Complaint as they pertain to it.

89.     Paragraph 89 of the Complaint appears to be aimed at other Defendants, hence, no response from Red Rock is necessary. To the extent a response from Red Rock is deemed necessary or appropriate, Red Rock denies the allegations contained in Paragraph 89 of the Complaint as they pertain to it.

90.     Red Rock denies the allegations contained in Paragraph 90 of the Complaint.

91.     Red Rock denies the allegations contained in Paragraph 91 of the Complaint.

92.     Red Rock denies the allegations contained in Paragraph 92 of the Complaint.

93.     Red Rock denies the allegations contained in Paragraph 93 of the Complaint.

94.     Red Rock denies the allegations contained in Paragraph 94 of the Complaint.

95.     Answering Paragraph 95 of the Complaint, Red Rock incorporates by reference its responses and averments to Paragraphs 1 through 94 of the Complaint as set forth above, each as if fully rewritten herein. Red Rock denies all remaining allegation contained in Paragraph 95 of the Complaint.

96.     Red Rock denies the allegations contained in Paragraph 96 of the Complaint.

97.     Red Rock denies the allegations contained in Paragraph 97 of the Complaint.

98.    Red Rock specifically denies engaging in a "tortuous" conspiracy, as alleged by Plaintiff. Red Rock denies all remaining allegations contained in Paragraph 98 of the Complaint.

99.    Red Rock denies the allegations contained in Paragraph 99 of the Complaint.

100.    Red Rock denies the allegations contained in Paragraph 100 of the Complaint.

101.    Red Rock denies the allegations contained in Paragraph 101 of the Complaint.

102.    Answering Paragraph 102 of the Complaint, Red Rock incorporates by reference its responses and averments to Paragraphs 1 through 101 of the Complaint as set forth above, each as if fully rewritten herein.   Red Rock denies all remaining allegation contained in Paragraph 102 of the Complaint.

103.    Red Rock admits the allegations contained in Paragraph 103 of the Complaint.

104.    Red Rock denies the allegations contained in Paragraph 104 of the Complaint.

105.    Red Rock denies the allegations contained in Paragraph 105 of the Complaint.

106.    Red Rock denies the allegations contained in Paragraph 106 of the Complaint.

107.    Red Rock denies the allegations contained in Paragraph 107 of the Complaint.

108.    Red Rock states that the terms of Exhibits J and K are self-evident, but otherwise denies the remaining allegations contained in Paragraph 108 of the Complaint.

109.    Red Rock denies the allegations contained in Paragraph 109 of the Complaint.

110.    Red Rock denies the allegations contained in Paragraph 110 of the Complaint.

111.    Red Rock denies the allegations contained in Paragraph 111 of the Complaint.

112.    Red Rock denies the allegations contained in Paragraph 112 of the Complaint.

113.    Red Rock denies the allegations contained in Paragraph 113 of the Complaint.

114.    Answering Paragraph 114 of the Complaint, Red Rock incorporates by reference its responses and averments to Paragraphs 1 through 113 of the Complaint as set forth above,

each as if fully rewritten herein.  Red Rock denies all remaining allegation contained in Paragraph 114 of the Complaint.

115.    Answering Paragraph 115 of the Complaint, Red Rock states that the "Loan Documents" and the "Wind Down Agreement" (as each are defined in the Complaint) speak for themselves.  Red Rock denies all remaining allegations contained in Paragraph 115 of the Complaint.

116.    Red Rock denies the allegations contained in Paragraph 116 of the Complaint.

117.    Red Rock denies the allegations contained in Paragraph 117 of the Complaint.

118.    Red Rock denies the allegations contained in Paragraph 118 of the Complaint.

119.    Red Rock denies the allegations contained in Paragraph 119 of the Complaint.

120.    Red Rock denies the allegations contained in Paragraph 120 of the Complaint.

121.    Red Rock denies the allegations contained in Paragraph 121 of the Complaint.

122.    Red Rock denies the allegations contained in Paragraph 122 of the Complaint.

123.    Answering Paragraph 123 of the Complaint, Red Rock incorporates by reference its responses and averments to Paragraphs 1 through 122 of the Complaint as set forth above, each as if fully rewritten herein.  Red Rock denies all remaining allegation contained in Paragraph 123 of the Complaint.

124.    Red Rock admits that Defendant Patrick James, individually or through subsidiaries, may have an ownership interest in Red Rock.  Red Rock denies the remaining allegations contained in Paragraph 124 of the Complaint.

125.    Paragraph 125 of the Complaint appears to be aimed at other Defendants, hence, no response from Red Rock is necessary.  To the extent a response from Red Rock is deemed necessary or appropriate, Red Rock denies the allegations contained in Paragraph 125 of the Complaint as they pertain to it.

126.    Red Rock denies the allegations contained in Paragraph 126 of the Complaint.

127.    Paragraph 127 of the Complaint appears to be aimed at other Defendants, hence, no response from Red Rock is necessary.  To the extent a response from Red Rock is deemed necessary or appropriate, Red Rock denies the allegations contained in Paragraph 127 of the Complaint as they pertain to it.

128.    Red Rock denies the allegations contained in Paragraph 128 of the Complaint.

129.    Red Rock denies the allegations contained in Paragraph 129 of the Complaint.

130.    Red Rock denies the allegations contained in Paragraph 130 of the Complaint.

131.    Paragraph 131 of the Complaint appears to be aimed at other Defendants, hence, no response from Red Rock is necessary.  To the extent a response from Red Rock is deemed necessary or appropriate, Red Rock denies the allegations contained in Paragraph 131 of the Complaint as they pertain to it.

132.    Red Rock denies the allegations contained in Paragraph 132 of the Complaint.

133.    Red Rock denies the allegations contained in Paragraph 133 of the Complaint.

134.    Red Rock denies the allegations contained in Paragraph 134 of the Complaint.

135.    Red Rock denies the allegations contained in Paragraph 135 of the Complaint.

136.    Red Rock denies the allegations contained in Paragraph 136 of the Complaint.

137.    Red Rock denies the allegations contained in Paragraph 137 of the Complaint.

138.    Red Rock denies the allegations contained in Paragraph 138 of the Complaint.

139.    Red Rock denies the allegations contained in Paragraph 139 of the Complaint.

140.    Red Rock denies all remaining allegations in Plaintiff's Complaint not specifically addressed above.

## ADDITIONAL DEFENSES

141.    Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted as against Red Rock.

142.    Plaintiff's Complaint is so inartfully pled that it is impossible for Red Rock to ascertain the basis of the claims asserted against it.

143.    Plaintiff's claims are barred, in whole or in part, by the terms of the agreements attached to the Complaint.

144.    Red Rock has fully complied with any duties or obligations it may have had under any of the agreements referenced in or attached to the Complaint.

145.    Plaintiff's claims may be barred by the doctrines of laches, estoppel and waiver.

146.    Plaintiff's Complaint fails to state a claim for punitive damages or for which punitive damages are available as against Red Rock.

147.    No Defendant or other person/entity exercised such complete control and dominance over Red Rock such as to render that person/entity Red Rock's alter ego.

148.    To the extent Plaintiff has suffered any damages, which Red Rock denies, Plaintiff has failed to mitigate or minimize same.

149.    Plaintiff has failed to state a claim for replevin, insofar as it has already been provided with all documents and other materials to which it is entitled under the agreements attached to the Complaint.

150.    Plaintiff has failed to plead fraud as against Red Rock with particularity.

151.    Any supposedly fraudulent activities conducted by Red Rock, which Red Rock denies, were undertaken with the full knowledge and consent of Plaintiff.

152.    Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

153.    Plaintiff's claims are barred in whole or in part because it is estopped by its own conduct from claiming any right to damages or other relief from Red Rock.

154.    Red Rock reserves the right to add additional claims and defenses that may be identified during the course of litigation in this case.

WHEREFORE, Defendant Red Rock Stamping, LLC, through counsel, requests that Plaintiff's Complaint be dismissed with prejudice at Plaintiff's costs, and that Red Rock Stamping, LLC be awarded its costs and fees, including its attorneys' fees, and such other and further relief as the Court may deem just under the circumstances.

Respectfully Submitted,

BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP

By:    */s/ Patrick J. Keating*
       Orville L. Reed, III  #0023522
       Patrick J. Keating  #0023481
       Joshua S. Berger  #0068478
       3800 Embassy Parkway, Suite 300
       Akron, Ohio 44333
       Telephone: (330) 376-5300
       Facsimile: (330) 258-6559
       Email: oreed@bdblaw.com
            pkeating@bdblaw.com
            jberger@bdblaw.com
       *Attorneys for Defendant,*
       *Red Rock Stamping, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer of Defendant Red Rock Stamping, LLC was served electronically via the Court's ECF filing system to all parties entitled to service therein this 30th day of March, 2010.

*/s/ Patrick J. Keating*

«AK3:1022068_v1»