UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TRISTATE CAPITAL BANK, | ) | CASE NO. 1:09 CV 1455-so |
| | ) | |
| Plaintiff, | ) | JUDGE OLIVER |
| | ) | |
| vs. | ) | |
| | ) | **ANSWER OF DEFENDANT** |
| RED ROCK STAMPING, LLC, et al. | ) | **HAWTHORN MANUFACTURING** |
| | ) | **CORPORATION TO PLAINTIFF'S** |
| Defendants. | ) | **FIRST AMENDED COMPLAINT** |

For its Answer to the First Amended Complaint ("Complaint") of Plaintiff Tristate Capital Bank ("Bank" or "Plaintiff"), Defendant Hawthorn Manufacturing Corporation ("Hawthorn"), through counsel, states and avers as follows:

1. Hawthorn denies, for want of knowledge, the allegations set forth in Paragraphs 1 through 3 of the Complaint.

2. Hawthorn admits the allegations set forth in Paragraph 4 of the Complaint.

3. Hawthorn denies, for want of knowledge, the allegations set forth in Paragraph 5 of the Complaint.

4. Hawthorn admits the allegations set forth in Paragraph 6 of the Complaint.

5. Hawthorn admits that Elizabeth James is a resident of Ohio, but denies that she is a Defendant in her individual capacity in this case.

6. Hawthorn denies the allegations set forth in Paragraph 8 of the Complaint to the extent that they apply to it, and denies the remaining allegations set forth in Paragraph 8 of the Complaint for want of knowledge.

7. Hawthorn admits the allegations set forth in Paragraph 9 and 10 of the Complaint.

8. Hawthorn denies the allegations contained in Paragraphs 11 through 53 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

9. Hawthorn states that the terms of the Subordination Agreement are self-evident, and otherwise denies the allegations set forth in Paragraphs 54 and 55 of the Complaint.

10. Hawthorn denies the allegations set forth in Paragraphs 56 through 58 of the Complaint.

11. Hawthorn denies the allegations set forth in Paragraph 59 through 68 of the Complaint as they may pertain to it, and denies all remaining allegations therein for want of knowledge.

12. Answering Paragraph 69 of the Complaint, Hawthorn incorporates by reference its responses and averments to Paragraphs 1 through 68 of the Complaint as set forth above, each as if fully rewritten herein. Hawthorn denies all remaining allegation set forth in Paragraph 69 of the Complaint.

13. Hawthorn denies the allegations set forth in Paragraphs 70 through 82 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

14. Answering Paragraph 83 of the Complaint, Hawthorn incorporates by reference its responses and averments to Paragraphs 1 through 82 of the Complaint as set forth above, each as if fully rewritten herein. Hawthorn denies all remaining allegation set forth in Paragraph 83 of the Complaint.

15. Hawthorn denies the allegations set forth in Paragraphs 84 through 94 of the Complaint as they may pertain to it, and denies all remaining allegations therein for want of knowledge.

16. Answering Paragraph 95 of the Complaint, Hawthorn incorporates by reference its responses and averments to Paragraphs 1 through 94 of the Complaint as set forth above, each as if fully rewritten herein. Hawthorn denies all remaining allegation set forth in Paragraph 95 of the Complaint.

17. Hawthorn denies the allegations set forth in Paragraphs 96 through 101 of the Complaint.

18. Answering Paragraph 102 of the Complaint, Hawthorn incorporates by reference its responses and averments to Paragraphs 1 through 101 of the Complaint as set forth above, each as if fully rewritten herein. Hawthorn denies all remaining allegation set forth in Paragraph 102 of the Complaint.

19. Hawthorn denies the allegations set forth in Paragraphs 103 through 113 of the Complaint.

20. Answering Paragraph 114 of the Complaint, Hawthorn incorporates by reference its responses and averments to Paragraphs 1 through 113 of the Complaint as set forth above, each as if fully rewritten herein. Hawthorn denies all remaining allegation set forth in Paragraph 114 of the Complaint.

21. Hawthorn denies the allegations set forth in Paragraph 115 through 122 of the Complaint as they may pertain to it, and otherwise denies all remaining allegations in the Complaint for want of knowledge.

22. Answering Paragraph 123 of the Complaint, Hawthorn incorporates by reference its responses and averments to Paragraphs 1 through 122 of the Complaint as set forth above, each as if fully rewritten herein. Hawthorn denies all remaining allegation set forth in Paragraph 123 of the Complaint.

23. Hawthorn denies the allegations set forth in Paragraphs 124 through 139 of the Complaint.

24. Hawthorn denies all remaining allegations set forth in Plaintiff's Complaint not hereinabove admitted to be true.

## ADDITIONAL DEFENSES

25. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted as against Hawthorn.

26. Plaintiff's Complaint is so inartfully pled that it is impossible for Hawthorn to ascertain the basis of the claims asserted against it.

27. Plaintiff's claims are barred, in whole or in part, by the terms of the agreements attached to the Complaint.

28. Hawthorn had no duties or obligations under any of the agreements referenced in or attached to the Complaint.

29. Plaintiff's claims are barred by the doctrines of laches, estoppel and waiver.

30. Plaintiff's Complaint fails to state a claim for punitive damages as against Hawthorn.

31. To the extent Plaintiff has suffered any damages, which Hawthorn denies, Plaintiff has failed to mitigate or minimize same.

32. Plaintiff has failed to state a claim for replevin, insofar as it has already been provided with all documents and other materials to which it is entitled under the agreements attached to the Complaint.

33. Plaintiff has failed to plead fraud as against Hawthorn with particularity.

34. Any supposedly fraudulent activities conducted by Hawthorn, which Hawthorn denies, were undertaken with the full knowledge, consent and/or ratification of Plaintiff.

4

35. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

36. Plaintiff's claims are barred in whole or in part because it is estopped by its own conduct from claiming any right to damages or other relief.

37. Hawthorn reserves the right to add additional claims and defenses that may be identified during the course of litigation in this case.

WHEREFORE, Defendant Hawthorn Manufacturing Corporation, through counsel, requests that Plaintiff's Complaint be dismissed with prejudice at Plaintiff's costs, and that Hawthorn Manufacturing Corporation be awarded its costs and fees, including its attorneys' fees, and such other and further relief as the Court may deem just under the circumstances.

Respectfully Submitted,

BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP

By: /s/ Patrick J. Keating
Orville L. Reed, III #0023522
Patrick J. Keating #0023481
Joshua S. Berger #0068478
3800 Embassy Parkway, Suite 300
Akron, Ohio 44333
Telephone: (330) 376-5300
Facsimile: (330) 258-6559
Email: oreed@bdblaw.com
pkeating@bdblaw.com
jberger@bdblaw.com
*Attorneys for Defendant,*
*Hawthorn Manufacturing, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer of Defendant Hawthorn Manufacturing Corporation was served electronically via the Court's ECF filing system to all parties entitled to service therein this 30th day of March, 2010.

/s/ Patrick J. Keating

«AK3:1023843_v1»

5