UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TRISTATE CAPITAL BANK, | ) | CASE NO. 1:09 CV 1455-so |
| | ) | |
| Plaintiff, | ) | JUDGE OLIVER |
| | ) | |
| vs. | ) | |
| | ) | **ANSWER OF DEFENDANT** |
| RED ROCK STAMPING, LLC, et al. | ) | **COLUMBUS COMPONENTS GROUP,** |
| | ) | **LLC TO PLAINTIFF'S FIRST** |
| Defendants. | ) | **AMENDED COMPLAINT** |

For its Answer to the First Amended Complaint ("Complaint") of Plaintiff Tristate Capital Bank ("Bank" or "Plaintiff"), Defendant Columbus Components Group, LLC ("CCG"), through counsel, states and avers as follows:

1. CCG denies, for want of knowledge, the allegations set forth in Paragraphs 1 through 4 of the Complaint.

2. CCG admits the allegations set forth in Paragraph 5 of the Complaint.

3. CCG admits the allegations set forth in Paragraph 6 of the Complaint.

4. CCG admits that Elizabeth James is a resident of Ohio, but denies that she is a Defendant in her individual capacity in this case.

5. CCG denies the allegations set forth in Paragraph 8 of the Complaint to the extent that they apply to it, and denies the remaining allegations set forth in Paragraph 8 of the Complaint for want of knowledge.

6. CCG admits the allegations set forth in Paragraph 9 of the Complaint.

7. CCG admits the allegations set forth in Paragraph 10 of the Complaint.

8. CCG denies the allegations contained in Paragraphs 11 through 48 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

9. CCG states that it fully paid for any inventory which it purchased from Red Rock or Tremont, and otherwise denies the allegations set forth in Paragraph 49.

10. CCG denies that it is the recipient of any transfer of inventory from Red Rock or Tremont without consideration, and otherwise denies the remaining allegations set forth in Paragraph 51 and 52 of the Complaint for want of knowledge.

11. CCG denies the allegations set forth in Paragraphs 53 through 68 of the Complaint as they pertain to it, and otherwise denies all remaining allegations therein for want of knowledge.

12. Answering Paragraph 69 of the Complaint, CCG incorporates by reference its responses and averments to Paragraphs 1 through 68 of the Complaint as set forth above, each as if fully rewritten herein. CCG denies all remaining allegation set forth in Paragraph 69 of the Complaint.

13. CCG denies the allegations set forth in Paragraphs 70 through 82 of the Complaint as they pertain to it, and denies all remaining allegations therein for want of knowledge.

14. Answering Paragraph 83 of the Complaint, CCG incorporates by reference its responses and averments to Paragraphs 1 through 82 of the Complaint as set forth above, each as if fully rewritten herein. CCG denies all remaining allegation set forth in Paragraph 83 of the Complaint.

15. CCG denies the allegations set forth in Paragraph 84 of the Complaint.

16. CCG admits that the Bank claims to have a first and best security interest in the inventory of Defendant Red Rock, further admits that it paid fair value for any inventory which it acquired from Red Rock, and otherwise denies the allegations set forth in Paragraph 85 of the Complaint.

17. CCG denies the allegations set forth in Paragraph 86 of the Complaint for want of knowledge.

18. CCG denies the allegations set forth in Paragraphs 87 through 90 of the Complaint.

19. CCG denies the allegations set forth in Paragraphs 91 through 94 of the Complaint as they may pertain to it, and otherwise the remaining allegations therein for want of knowledge.

20. Answering Paragraph 95 of the Complaint, CCG incorporates by reference its responses and averments to Paragraphs 1 through 94 of the Complaint as set forth above, each as if fully rewritten herein. CCG denies all remaining allegation set forth in Paragraph 95 of the Complaint.

21. CCG denies the allegations set forth in Paragraphs 96 through 101 of the Complaint as they may pertain to it, and denies all remaining allegations therein for want of knowledge.

22. Answering Paragraph 102 of the Complaint, CCG incorporates by reference its responses and averments to Paragraphs 1 through 101 of the Complaint as set forth above, each as if fully rewritten herein. CCG denies all remaining allegation set forth in Paragraph 102 of the Complaint.

23. CCG denies the allegations set forth in Paragraphs 103 through 113 of the Complaint as they may pertain to it, and denies all remaining allegations therein for want of knowledge.

24. Answering Paragraph 114 of the Complaint, CCG incorporates by reference its responses and averments to Paragraphs 1 through 113 of the Complaint as set forth above, each as if fully rewritten herein. CCG denies all remaining allegation set forth in Paragraph 114 of the Complaint.

25. CCG denies the allegations set forth in Paragraph 115 through 122 of the Complaint as they may pertain to it, and otherwise denies all remaining allegations in the Complaint for want of knowledge.

26. Answering Paragraph 123 of the Complaint, CCG incorporates by reference its responses and averments to Paragraphs 1 through 122 of the Complaint as set forth above, each as if fully rewritten herein. CCG denies all remaining allegation set forth in Paragraph 123 of the Complaint.

27. CCG denies the allegations set forth in Paragraphs 124 through 139 as they may pertain to it, and denies all remaining allegations therein for want of knowledge.

28. CCG denies all remaining allegations set forth in Plaintiff's Complaint not hereinabove admitted to be true.

## ADDITIONAL DEFENSES

29. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted as against CCG.

30. Plaintiff's Complaint is so inartfully pled that it is impossible for CCG to ascertain the basis of the claims asserted against it.

4

31. Plaintiff's claims are barred, in whole or in part, by the terms of the agreements attached to the Complaint.

32. CCG had no duties or obligations under any of the agreements referenced in or attached to the Complaint.

33. Plaintiff's claims are barred by the doctrines of laches, estoppel and waiver.

34. Plaintiff's Complaint fails to state a claim for punitive damages as against CCG.

35. To the extent Plaintiff has suffered any damages, which CCG denies, Plaintiff has failed to mitigate or minimize same.

36. Plaintiff has failed to state a claim for replevin, insofar as it has already been provided with all documents and other materials to which it is entitled under the agreements attached to the Complaint.

37. Plaintiff has failed to plead fraud as against CCG with particularity.

38. Any supposedly fraudulent activities conducted by CCG, which CCG denies, were undertaken with the full knowledge, consent and/or ratification of Plaintiff.

39. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

40. Plaintiff's claims are barred in whole or in part because it is estopped by its own conduct from claiming any right to damages or other relief.

41. CCG reserves the right to add additional claims and defenses that may be identified during the course of litigation in this case.

WHEREFORE, Defendant Columbus Components Group, LLC, through counsel, requests that Plaintiff's Complaint be dismissed with prejudice at Plaintiff's costs, and that Columbus Component Group, LLC be awarded its costs and fees, including its attorneys' fees, and such other and further relief as the Court may deem just under the circumstances.

Respectfully Submitted,

BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP

By: */s/ Patrick J. Keating*
Orville L. Reed, III #0023522
Patrick J. Keating #0023481
Joshua S. Berger #0068478
3800 Embassy Parkway, Suite 300
Akron, Ohio 44333
Telephone: (330) 376-5300
Facsimile: (330) 258-6559
Email: oreed@bdblaw.com
pkeating@bdblaw.com
jberger@bdblaw.com
*Attorneys for Defendant,*
*Columbus Components Group*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer of Defendant Columbus Components Group, LLC was served electronically via the Court's ECF filing system to all parties entitled to service therein this 30th day of March, 2010.

*/s/ Patrick J. Keating*

«AK3:1023836_v1»