UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TRISTATE CAPITAL BANK, ) | CASE NO. 1:09 CV 1455-so |
| ) | |
| Plaintiff, ) | JUDGE OLIVER |
| ) | |
| vs. ) | **ANSWER OF DEFENDANT** |
| ) | **ELIZABETH JAMES, TRUSTEE OF** |
| RED ROCK STAMPING, LLC, et al. ) | **THE ELIZABETH L. JAMES TRUST,** |
| ) | **TO PLAINTIFF'S FIRST AMENDED** |
| Defendants. ) | **COMPLAINT** |

For her Answer to the First Amended Complaint ("Complaint") of Plaintiff Tristate Capital Bank, Defendant Elizabeth James, Trustee of the Elizabeth L. James Trust ("Trustee"), through counsel, states and avers as follows:

1. Trustee denies the allegations contained in Paragraph 1 of the Complaint for want of knowledge.

2. Trustee admits that Red Rock Stamping, LLC ("Red Rock") is a limited liability company organized under the laws of the State of Ohio, that Red Rock conducts business in Ohio and that Red Rock formerly conducted business in Arizona. Trustee denies the remaining allegations contained in Paragraph 2 of the Complaint.

3. Trustee admits the allegations contained in Paragraphs 2 through 6 of the Complaint

4. Trustee admits that Elizabeth James is a resident of Ohio, but denies that she is a Defendant in this action in her individual capacity.

5. Trustee denies the allegations contained in Paragraph 8 of the Complaint as they pertain to her, and denies all remaining allegations therein for want of knowledge.

6. Trustee admits the allegations contained in Paragraphs 9 and 10 of the Complaint.

7. Trustee denies the allegations contained in Paragraphs 11 through 64 of the Complaint as they pertain to Trustee, and denies all remaining allegations therein for want of knowledge.

8. Trustee admits that she owns an interest in some of the Defendants, but otherwise denies the remaining allegations contained in Paragraph 65 of the Complaint.

9. Trustee denies the allegations contained in Paragraphs 66 through 68 of the Complaint as they pertain to her, and denies the remaining allegations therein for want of knowledge.

10. Answering Paragraph 69 of the Complaint, Trustee incorporates by reference her responses and averments to Paragraphs 1 through 68 of the Complaint as set forth above, each as if fully rewritten herein. Trustee denies all remaining allegations contained in Paragraph 69 of the Complaint.

11. Trustee denies the allegations contained in Paragraphs 70 through 82 of the Complaint as they pertain to her, and denies all remaining allegations therein for want of knowledge.

12. Answering Paragraph 83 of the Complaint, Trustee incorporates by reference her responses and averments to Paragraphs 1 through 82 of the Complaint as set forth above, each as if fully rewritten herein. Trustee denies all remaining allegations contained in Paragraph 83 of the Complaint.

13. Trustee denies the allegations contained in Paragraphs 84 through 94 of the Complaint as they pertain to her, and denies all remaining allegations therein for want of knowledge.

14. Answering Paragraph 95 of the Complaint, Trustee incorporates by reference her responses and averments to Paragraphs 1 through 95 of the Complaint as set forth above, each as if fully rewritten herein. Trustee denies all remaining allegations contained in Paragraph 95 of the Complaint.

15. Trustee denies the allegations contained in Paragraphs 96 through 101 of the Complaint as they pertain to her, and denies all remaining allegations therein for want of knowledge.

16. Answering Paragraph 102 of the Complaint, Trustee incorporates by reference her responses and averments to Paragraphs 1 through 102 of the Complaint as set forth above, each as if fully rewritten herein. Trustee denies all remaining allegations contained in Paragraph 102 of the Complaint.

17. Trustee denies the allegations contained in Paragraphs 103 through 113 of the Complaint as they pertain to her, and denies all remaining allegations therein for want of knowledge.

18. Answering Paragraph 114 of the Complaint, Trustee incorporates by reference her responses and averments to Paragraphs 1 through 113 of the Complaint as set forth above, each as if fully rewritten herein. Trustee denies all remaining allegations contained in Paragraph 114 of the Complaint.

19. Trustee denies the allegations contained in Paragraphs 115 through 122 of the Complaint as they pertain to her, and denies all remaining allegations therein for want of knowledge.

20. Answering Paragraph 123 of the Complaint, Trustee incorporates by reference her responses and averments to Paragraphs 1 through 122 of the Complaint as set forth above, each

as if fully rewritten herein. Trustee denies all remaining allegations contained in Paragraph 123 of the Complaint.

21. Trustee denies the allegations contained in Paragraphs 124 through 139 of the Complaint as they pertain to her, and denies all remaining allegations therein for want of knowledge.

22. Trustee denies all remaining allegations in Plaintiff's Complaint not specifically addressed above.

## ADDITIONAL DEFENSES

23. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted as against the Trustee.

24. Plaintiff's Complaint is so inartfully pled that it is impossible for the Trustee to ascertain the basis of the claims asserted against her.

25. Plaintiff's claims are barred, in whole or in part, by the terms of the agreements attached to the Complaint.

26. Trustee had no duties or obligations under any of the agreements referenced in or attached to the Complaint.

27. Plaintiff's claims are barred by the doctrines of laches, estoppel and waiver.

28. Plaintiff's Complaint fails to state a claim for punitive damages as against Trustee.

29. To the extent Plaintiff has suffered any damages, which Trustee denies, Plaintiff has failed to mitigate or minimize same.

30. Plaintiff has failed to state a claim for replevin, insofar as it has already been provided with all documents and other materials to which it is entitled under the agreements attached to the Complaint.

31. Plaintiff has failed to plead fraud as against Trustee with particularity.

32. Any supposedly fraudulent activities conducted by the Trustee, which Trustee denies, were undertaken with the full knowledge, consent and/or ratification of Plaintiff.

33. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

34. Plaintiff's claims are barred in whole or in part because it is estopped by its own conduct from claiming any right to damages or other relief.

35. Trustee reserves the right to add additional claims and defenses that may be identified during the course of litigation in this case.

WHEREFORE, the Trustee requests that Plaintiff's Complaint be dismissed with prejudice at Plaintiff's costs, and that she be awarded her costs and fees, including her attorneys' fees, and such other and further relief as the Court may deem just under the circumstances.

Respectfully Submitted,

BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP

By: /s/ Patrick J. Keating
Orville L. Reed, III  #0023522
Patrick J. Keating  #0023481
Joshua S. Berger  #0068478
3800 Embassy Parkway, Suite 300
Akron, Ohio 44333
Telephone: (330) 376-5300
Facsimile: (330) 258-6559
Email: oreed@bdblaw.com
pkeating@bdblaw.com
jberger@bdblaw.com
*Attorneys for Defendant, Elizabeth James,*
*Trustee of the Elizabeth L. James Trust*

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing was served electronically via the Court's ECF filing system to all parties entitled to service therein this 30th day of March, 2010.

                                                */s/ Patrick J. Keating*

«AK3:1022064_v1»