UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TRISTATE CAPITAL BANK, | ) | CASE NO. 1:09 CV 1455-so |
| | ) | |
| Plaintiff, | ) | JUDGE OLIVER |
| | ) | |
| vs. | ) | |
| | ) | **ANSWER OF DEFENDANT PATRICK** |
| RED ROCK STAMPING, LLC, et al. | ) | **JAMES TO PLAINTIFF'S FIRST** |
| | ) | **AMENDED COMPLAINT** |
| Defendants. | ) | |

For his Answer to the First Amended Complaint ("Complaint") of Plaintiff Tristate Capital Bank ("Plaintiff" or "Bank"), Defendant Patrick James ("James"), through counsel, states and avers as follows:

1. James is without sufficient information or knowledge to form an opinion or belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and therefore denies same.

2. James admits that Red Rock Stamping, LLC ("Red Rock") is a limited liability company organized under the laws of the State of Ohio, that Red Rock conducts business in Ohio and that Red Rock formerly conducted business in Arizona. James denies the remaining allegations contained in Paragraph 2 of the Complaint.

3. James admits that Tremont Manufacturing, LLC ("Tremont") is a limited liability company organized under the laws of the State of Ohio, and further admits the remaining allegations contained in Paragraph 3 of the Complaint.

4. James admits that Hawthorn Manufacturing Corporation ("Hawthorn") is a corporation organized under the laws of the State of Ohio, and further admits the remaining allegations contained in Paragraph 4 of the Complaint.

5. James admits that Columbus Components Group, LLC ("CCG") is a limited liability company organized under the laws of the State of Ohio, and further admits the remaining allegations contained in Paragraph 5 of the Complaint.

6. James admits the allegations contained in Paragraph 6 of the Complaint.

7. James admits that Elizabeth James is a resident of Ohio, but denies that she is a Defendant in this action in her individual capacity.

8. James admits that Red Rock and Tremont are or previously were, individually or through subsidiaries, owned in whole or in part by James. James admits that Tremont and/or Red Rock may have paid certain fees to certain Defendants from time to time, but denies that such fees were "substantial," as alleged in the Complaint. James further avers that any such fees paid were for valuable consideration, and were paid with Plaintiff's knowledge and consent. James denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. James admits the allegations contained in Paragraph 9 of the Complaint.

10. James admits the allegations contained in Paragraph 10 of the Complaint.

11. James admits that: (a) Exhibit A to the Complaint appears to be a Credit and Security Agreement between Plaintiff, Red Rock and Tremont dated April 30, 2008 ("Credit Agreement"), the terms of which speak for themselves; (b) Exhibit B to the Complaint appears to be a Revolving Promissory Note between Plaintiff, Red Rock and Tremont dated April 30, 2008 ("Promissory Note"), the terms of which speak for themselves; (c) Exhibit C to the Complaint appears to be a Term Note dated April 30, 2008, the terms of which speak for themselves; and

(d) Exhibit D to the Complaint appears to be UCC financing statements, the terms of which speak for themselves. James denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. James admits that Red Rock and Tremont periodically submitted to Bank borrowing base certificates, the terms of which are self-evident, but otherwise denies the remaining allegations contained in Paragraph 12 of the Complaint.

13. James admits that Red Rock and Tremont periodically submitted to Bank borrowing base certificates, the terms of which are self-evident, but otherwise denies the remaining allegations contained in Paragraph 13 of the Complaint.

14. James denies the allegations contained in Paragraph 14 of the Complaint.

15. James states that Plaintiff was informed prior to December 16, 2008 that the operations at the Red Rock facility were in the process of being shut down, and admits that the shutdown of Red Rock was discussed at a meeting with bank personnel on or about December 16, 2008, but otherwise denies the remaining allegations contained in Paragraph 15 of the Complaint.

16. James states that the terms of the Loan Documents are self-evident, but otherwise denies the allegations contained in Paragraph 16 of the Complaint.

17. James states that the borrowing base certificate submitted by Red Rock and Tremont, a copy of which is attached to the Complaint as Exhibit E, are self-evident, but otherwise denies all allegations set forth in Paragraph 17 of the Complaint.

18. James states that the terms of the Loan Documents are self-evident, but otherwise denies the allegations set forth in Paragraph 18 of the Complaint.

19. James denies the allegations contained in Paragraph 19 of the Complaint.

20. James denies the allegations contained in Paragraph 20 of the Complaint.

21. James admits the allegations set forth in Paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint appears directed to other Defendants, hence not requiring a response from James. To the extent a response is deemed appropriate, James denies the allegations contained in Paragraph 22 of the Complaint.

23. The terms of the Credit Agreement are self-evident, but James otherwise denies the remaining allegations set forth in Paragraph 23 of the Complaint.

24. The terms of the Credit Agreement are self-evident, but James otherwise denies the remaining allegations set forth in Paragraph 24 of the Complaint.

25. The terms of the Credit Agreement are self-evident, but James otherwise denies the remaining allegations set forth in Paragraph 25 of the Complaint.

26. James admits the allegations set forth in Paragraph 26 of the Complaint.

27. James denies the allegations contained in Paragraph 27 of the Complaint.

28. The terms of the Wind Down Agreement are self-evident, but James otherwise denies the allegations set forth in Paragraph 28 of the Complaint.

29. The terms of the Wind Down Agreement are self-evident, but James otherwise denies the allegations set forth in Paragraph 29 of the Complaint.

30. The terms of the Wind Down Agreement are self-evident, but James otherwise denies the allegations set forth in Paragraph 30 of the Complaint.

31. The terms of the Wind Down Agreement are self-evident, but James otherwise denies the allegations set forth in Paragraph 31 of the Complaint.

32. The terms of the Wind Down Agreement are self-evident, but James otherwise denies the allegations set forth in Paragraph 32 of the Complaint.

33. The terms of the Wind Down Agreement are self-evident, but James otherwise denies the allegations set forth in Paragraph 33 of the Complaint.

34. The terms of the Wind Down Agreement are self-evident, but James otherwise denies the allegations set forth in Paragraph 34 of the Complaint.

35. The terms of the Wind Down Agreement are self-evident, but James otherwise denies the allegations set forth in Paragraph 35 of the Complaint.

36. The terms of the Wind Down Agreement are self-evident, but James otherwise denies the allegations set forth in Paragraph 36 of the Complaint.

37. James denies the allegations contained in Paragraph 37 of the Complaint.

38. James admits that Defendants Tremont and Red Rock have delivered numerous boxes of financial records and other data to Bank on multiple occasions, but otherwise denies the allegations set forth in Paragraph 38 of the Complaint.

39. James denies the allegations contained in Paragraph 39 of the Complaint.

40. James denies the allegations contained in Paragraph 40 of the Complaint.

41. James denies the allegations contained in Paragraph 41 of the Complaint.

42. James denies the allegations contained in Paragraph 42 of the Complaint.

43. James denies for want of knowledge as to what the Bank might have "deciphered" from its review of the records and data provided by Red Rock and Tremont to Plaintiff, and further denies the remaining allegations set forth in Paragraph 43 of the Complaint.

44. James denies the allegations contained in Paragraph 44 of the Complaint.

45. James admits that the Bank claims a first and best security interest in all accounts receivable and inventory of Red Rock and Tremont, pursuant to the Loan Documents, which Loan Documents also mention the borrowing base certificates, the terms of which Loan

5

Documents are self-evident, but otherwise denies the remaining allegations set forth in Paragraph 45 of the Complaint.

46. James denies the allegations contained in Paragraph 46 of the Complaint.

47. James denies the allegations contained in Paragraph 47 of the Complaint.

48. James admits the allegations contained in Paragraph 48 of the Complaint.

49. James denies the allegations contained in Paragraph 49 of the Complaint.

50. James denies the allegations contained in Paragraph 50 of the Complaint.

51. James denies the allegations contained in Paragraph 51 of the Complaint.

52. James admits that Red Rock and Tremont did not tell the Bank that the inventory value of the borrowing base certificates were materially misleading, and denies that they were materially misleading, and further denies the allegations contained in Paragraph 52 of the Complaint.

53. James denies the allegations contained in Paragraph 53 of the Complaint.

54. The terms of the Subordination Agreement attached to the Complaint as Exhibit I are self-evident, and James otherwise denies the allegations set forth in Paragraph 54 of the Complaint.

55. The terms of the Subordination Agreement attached to the Complaint as Exhibit I are self-evident, and James otherwise denies the allegations set forth in Paragraph 55 of the Complaint.

56. James denies the allegations contained in Paragraph 56 of the Complaint.

57. James denies the allegations contained in Paragraph 57 of the Complaint.

58. James denies the allegations contained in Paragraph 58 of the Complaint.

59. James states that the terms of the Credit Agreement are self-evident, and otherwise denies all allegations contained in Paragraph 59 of the Complaint.

60. James states that the terms of the Wind Down Agreement are self-evident, and otherwise denies the allegations contained in Paragraph 60 of the Complaint.

61. James denies the allegations contained in Paragraph 61 of the Complaint.

62. James denies the allegations contained in Paragraph 62 of the Complaint.

63. James denies the allegations contained in Paragraph 63 of the Complaint.

64. James denies for want of knowledge the allegations contained in Paragraph 64 of the Complaint.

65. James admits that he may, individually or through subsidiaries, have an ownership interest in the corporate Defendants herein. James denies the remaining allegations contained in Paragraph 65 of the Complaint.

66. James denies the allegations contained in Paragraph 66 of the Complaint.

67. James denies the allegations contained in Paragraph 67 of the Complaint.

68. James denies the allegations contained in Paragraph 68 of the Complaint.

69. Answering Paragraph 69 of the Complaint, James incorporates by reference his responses and averments to Paragraphs 1 through 68 of the Complaint as set forth above, each as if fully rewritten herein. James denies all remaining allegations contained in Paragraph 69 of the Complaint.

70. James denies the allegations contained in Paragraph 70 of the Complaint.

71. James denies the allegations contained in Paragraph 71 of the Complaint.

72. James denies the allegations contained in Paragraph 72 of the Complaint.

73. James denies the allegations contained in Paragraph 73 of the Complaint.

74. James denies the allegations contained in Paragraph 74 of the Complaint.

75. James denies the allegations contained in Paragraph 75 of the Complaint.

76. James denies the allegations contained in Paragraph 76 of the Complaint.

77. James denies the allegations contained in Paragraph 77 of the Complaint.

78. James denies the allegations contained in Paragraph 78 of the Complaint.

79. James denies the allegations contained in Paragraph 79 of the Complaint.

80. James denies the allegations contained in Paragraph 80 of the Complaint.

81. James denies the allegations contained in Paragraph 81 of the Complaint.

82. James denies the allegations contained in Paragraph 82 of the Complaint.

83. Answering Paragraph 83 of the Complaint, James incorporates by reference his responses and averments to Paragraphs 1 through 82 of the Complaint as set forth above, each as if fully rewritten herein. James denies all remaining allegation contained in Paragraph 83 of the Complaint.

84. James denies the allegations contained in Paragraph 84 of the Complaint.

85. James denies the allegations contained in Paragraph 85 of the Complaint.

86. James denies the allegations contained in Paragraph 86 of the Complaint.

87. James denies the allegations contained in Paragraph 87 of the Complaint.

88. James denies the allegations contained in Paragraph 88 of the Complaint.

89. James denies the allegations contained in Paragraph 89 of the Complaint.

90. James denies the allegations contained in Paragraph 90 of the Complaint.

91. James denies the allegations contained in Paragraph 91 of the Complaint.

92. James denies the allegations contained in Paragraph 92 of the Complaint.

93. James denies the allegations contained in Paragraph 93 of the Complaint.

94. James denies the allegations contained in Paragraph 94 of the Complaint.

95. Answering Paragraph 95 of the Complaint, James incorporates by reference his responses and averments to Paragraphs 1 through 94 of the Complaint as set forth above, each as if fully rewritten herein. James denies all remaining allegation contained in Paragraph 95 of the Complaint.

96. James denies the allegations contained in Paragraph 96 of the Complaint.

97. James denies the allegations contained in Paragraph 97 of the Complaint.

98. James specifically denies engaging in a "tortuous" conspiracy, as alleged by Plaintiff, and otherwise denies all remaining allegations contained in Paragraph 98 of the Complaint.

99. James denies the allegations contained in Paragraph 99 of the Complaint.

100. James denies the allegations contained in Paragraph 100 of the Complaint.

101. James denies the allegations contained in Paragraph 101 of the Complaint.

102. Answering Paragraph 102 of the Complaint, James incorporates by reference his responses and averments to Paragraphs 1 through 101 of the Complaint as set forth above, each as if fully rewritten herein. James denies all remaining allegation contained in Paragraph 102 of the Complaint.

103. James states that the terms of the Loan Documents, Subordination Agreement and Wind Down Agreement are self-evident but otherwise denies the allegations contained in Paragraph 103 of the Complaint.

104. James denies the allegations contained in Paragraph 104 of the Complaint.

105. James denies the allegations contained in Paragraph 105 of the Complaint.

106. James denies the allegations contained in Paragraph 106 of the Complaint.

107. James denies the allegations contained in Paragraph 107 of the Complaint.

108. James answers Paragraph 108 of the Complaint by stating that Exhibits J and K to the Complaint appear to be purported subordination agreements, the terms of which speak for themselves. James denies all remaining allegations contained in Paragraph 108 of the Complaint.

109. James denies the allegations contained in Paragraph 109 of the Complaint.

110. James denies the allegations contained in Paragraph 110 of the Complaint.

111. James denies the allegations contained in Paragraph 111 of the Complaint.

112. James denies the allegations contained in Paragraph 112 of the Complaint.

113. James denies the allegations contained in Paragraph 113 of the Complaint.

114. Answering Paragraph 114 of the Complaint, James incorporates by reference his responses and averments to Paragraphs 1 through 113 of the Complaint as set forth above, each as if fully rewritten herein. James denies all remaining allegation contained in Paragraph 114 of the Complaint.

115. Answering Paragraph 115 of the Complaint, James states that the "Loan Documents" and the "Wind Down Agreement" (as each are defined in the Complaint) speak for themselves. James denies all remaining allegations contained in Paragraph 115 of the Complaint.

116. James denies the allegations contained in Paragraph 116 of the Complaint.

117. James denies the allegations contained in Paragraph 117 of the Complaint.

118. James denies the allegations contained in Paragraph 118 of the Complaint.

119. James denies the allegations contained in Paragraph 119 of the Complaint.

120. James denies the allegations contained in Paragraph 120 of the Complaint.

121. James denies the allegations contained in Paragraph 121 of the Complaint.

122. James denies the allegations contained in Paragraph 122 of the Complaint.

123. Answering Paragraph 123 of the Complaint, James incorporates by reference his responses and averments to Paragraphs 1 through 122 of the Complaint as set forth above, each as if fully rewritten herein. James denies all remaining allegation contained in Paragraph 123 of the Complaint.

124. James admits that he may, individually or through subsidiaries, have an ownership interest in the corporate Defendants herein. James denies the remaining allegations contained in Paragraph 124 of the Complaint.

125. James denies the allegations contained in Paragraph 125 of the Complaint.

126. James denies the allegations contained in Paragraph 126 of the Complaint.

127. James denies the allegations contained in Paragraph 127 of the Complaint.

128. James denies the allegations contained in Paragraph 128 of the Complaint.

129. James denies the allegations contained in Paragraph 129 of the Complaint.

130. James denies the allegations contained in Paragraph 130 of the Complaint.

131. James denies the allegations contained in Paragraph 131 of the Complaint.

132. James denies the allegations contained in Paragraph 132 of the Complaint.

133. James denies the allegations contained in Paragraph 133 of the Complaint.

134. James denies the allegations contained in Paragraph 134 of the Complaint.

135. James denies the allegations contained in Paragraph 135 of the Complaint.

136. James denies the allegations contained in Paragraph 136 of the Complaint.

137. James denies the allegations contained in Paragraph 137 of the Complaint.

138. James denies the allegations contained in Paragraph 138 of the Complaint.

139. James denies the allegations contained in Paragraph 139 of the Complaint.

140. James denies all remaining allegations contained in Plaintiff's Complaint not explicitly addressed above.

## ADDITIONAL DEFENSES

141. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted as against James.

142. Plaintiff's Complaint is so in artfully pled that it is impossible for James to ascertain the basis of the Claims against him.

143. Plaintiff's claims are barred by the doctrines of laches, estoppel and waiver.

144. Plaintiff's Complaint fails to state a claim for punitive damages or for which punitive damages are available as against James.

145. James has fully complied with any duties or obligations he may have had under any of the Agreements referenced in or attached to the Complaint.

146. Plaintiff's claims are barred, in whole or in part, by the terms of the Agreements attached to the Complaint.

147. To the extent Plaintiff has suffered any damages, which James denies, Plaintiff has failed to mitigate or minimize same.

148. Plaintiff has failed to state a claim for replevin, insofar as Plaintiff has already been provided with all documents and other materials to which they are entitled under the Agreements attached to the Complaint.

149. Plaintiff has failed to plead fraud as against James with particularity.

150. Any supposedly fraudulent activities conducted by James, which James denies, were undertaken with the full knowledge, consent, and/or ratification of Plaintiff.

151.  Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

152.  Plaintiff's claims are barred in whole or in part because it is estopped by its own conduct from claiming any right to damages or other relief from James.

153.  James reserves the right to add additional claims and defenses that may be identified during the course of litigation in this case.

WHEREFORE, Defendant Patrick James, through counsel, requests that Plaintiff's Complaint be dismissed with prejudice at Plaintiff's costs, and that Patrick James be awarded his costs and fees, including his attorneys' fees, and such other and further relief as the Court may deem just under the circumstances.

Respectfully submitted,

BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP

By: /s/ Patrick J. Keating
Orville L. Reed III  #0023522
Patrick J. Keating  #0023481
Joshua S. Berger  #0068478
3800 Embassy Parkway, Suite 300
Akron, Ohio  44333-8332
Tel:  (330) 376-5300
Fax:  (330) 258-6559
Email: oreed@bdblaw.com
         pkeating@bdblaw.com
         jberger@bdblaw.com
*Attorneys for Defendant Patrick James*

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer of Defendant Patrick James to Plaintiff's First Amended Complaint was served electronically via the Court's ECF filing system to all parties entitled to service therein this 30th day of March, 2010.

/s/ Patrick J. Keating

«AK3:1021323_v4»

13