```
 1            IN THE DISTRICT COURT OF THE UNITED STATES
                  FOR THE NORTHERN DISTRICT OF OHIO
 2                         EASTERN DIVISION

 3    TRISTATE CAPITAL BANK,      )
                                  )
 4            Plaintiff,          )
                                  )   Cleveland, Ohio
 5       vs.                      )
                                  )   Civil Action
 6    RED ROCK STAMPING, LLC,     )   Number 09:CV1455
                                  )
 7            Defendant.          )

 8                              - - - - -
                   TRANSCRIPT OF PROCEEDINGS HAD BEFORE
 9
                       THE HONORABLE GREG WHITE,
10
                     MAGISTRATE JUDGE OF SAID COURT,
11
                        ON THURSDAY, JULY 15, 2010
12                              - - - - -
      APPEARANCES:
13    For the Plaintiff:       Brad A. Sobolewski
                               Christopher P. Fisher
14                             Ulmer & Berne - Cleveland
                               1100 Skylight Office Tower
15                             1660 West Second Street
                               Cleveland, OH 44113
16                             216-583-7092

17    For the Defendant:       Patrick J. Keating
                               Buckingham, Doolittle & Burroughs
18                             - Akron
                               Ste. 300
19                             3800 Embassy Parkway
                               P.O. Box 1500
20                             Akron, OH 44333
                               330-376-5300
21
      Official Court Reporter: Cynthia D. Lee, RPR
22                             U.S. District Court
                               Suite 7-183
23                             801 W. Superior Avenue
                               Cleveland, Ohio 44113
24                             216-357-7186

25    Proceedings recorded by mechanical stenography; transcript
      produced by computer-aided transcription.
```

1                    THURSDAY, JULY 15, 2010

2              THE COURT: All right.

3              Let in the record reflect that we're here on case

4     number 09CV1455, Tristate Capital Bank versus Red Rock

5     Stamping LLC, et al. We've had a couple of days in session,

6     I guess, of mediation. I believe we have reached a

7     settlement, for which I would ask -- will have counsel to

8     begin stating that for the record.

9              MR. FISHER: Okay. The material terms, as I

10    understand them, are Mr. James will pay to Tristate $400,000

11    by August 31, 2010; and pay $100,000 by December 1, 2010;

12    and five more $100,000 payments every six months thereafter,

13    for a total of $600,000 over time; for a total of $1,000,000

14    paid to settle the case.

15             In exchange, or in five days, the bank will

16    obtain, or Mr. James will give the bank a cognovit note. On

17    that note will be Mr. James, Hawthorn and CCG.

18             We will, the bank will, transfer to Mr. James its

19    interest in Red Rock and Tremont, and in exchange and as

20    part of the settlement the parties will enter mutual

21    release.

22             And in that release will be a hold harmless

23    provision holding the bank harmless for any association in

24    Red Rock or Tremont or related to its liquidation of assets

25    of Red Rock and Tremont.

1            Mr. James will provide a sworn financial

2 statement, and counsel for the parties will work in good

3 faith to work out the details of what the form of that

4 financial statement will be.

5            And I think those are the material terms.

6            THE COURT: The condition that the bank would

7 guaranty they at least own the note and can convey, which is

8 what I think you --

9            MR. KEATING: Yes, one other point.

10           We would also need the bank to provide acceptive

11 warranty as to the actual principle and interest amount due

12 on the note.

13           MR. FISHER: Okay.

14           MR. KEATING: But we understand beyond that the

15 assignment is without recourse, and the hold harmless as to

16 what the bank may or may not have done and the condition of

17 collateral, we understand that.

18           MR. FISHER: And while we're talking about the

19 power to convey, we also, obviously, probably in every

20 settlement agreement, as representation by Mr. James, that

21 he has the authority to enter into the settlement agreement.

22           MR. KEATING: Of course. And just to clarify, the

23 defendants, it may not be Mr. James that acquires ownership

24 of the note, it may be a nominee, or new entity to be

25 created. I believe that would be no problem for the bank,

1     as opposed to Mr. James individual.
2               MR. FISHER:  No, no problem.
3               THE COURT:  Anything else?
4               MR. FISHER:  Of course, the Court retains
5     jurisdiction, or we agree the Court retains jurisdiction,
6     and get us through the settlement, and enforce the
7     settlement agreement thereafter.
8               MR. KEATING:  There will be, once the document --
9     there is dismissal with prejudice.  The cognovit note can
10    come, state or Federal Court, if subsequent default.
11              THE COURT:  How long before you get an entry to
12    me, some kind of journal entry?
13              MR. KEATING:  We're motivated to get it done as
14    quickly as possible.  I'll start working on the master
15    settlement agreement.  You start working on the personal --
16              THE COURT:  Within a month?
17              MR. KEATING:  Well, the payment, August 31st,
18    we're looking at everything that's got to be done,
19    absolutely.
20              MR. FISHER:  I think we should be able to get the
21    settlement agreement drafted.
22              THE COURT:  Middle of August, August 16th?
23              MR. KEATING:  Sure.
24              MR. FISHER:  The other thing, I don't think this
25    should be a problem, but because the trust -- or Mrs. James

1   in her capacity as trustee of the trust is a party to the
2   litigation, we would want her acknowledgment of the --
3           MR. KEATING:  She would sign the settlement
4   agreement, mutual release of claims, no problem.
5           MR. SOBOLEWSKI:  And, of course, Red Rock and
6   Tremont would as well enter mutual --
7           MR. KEATING:  Quite frankly, we don't want the
8   bank to release Red Rock and Tremont.  They're obligated on
9   a note that we're going to acquire.  We can't have that.
10          MR. FISHER:  There is a sort of circularity
11  problem.
12          THE COURT:  You can take it.
13          MR. KEATING:  Obviously, what we intend to do is
14  acquire the note.  We would take a judgment against Red Rock
15  and Tremont and then through creditors bill, or whatever,
16  see if we can recover any money from TRW and Autoliv.  Who
17  knows what we're going to go through there.  We want the
18  ability to do that.
19          So we don't want the bank, quite frankly, to
20  release Red Rock and Tremont.  If you want it, you go back
21  the other way, we don't have a problem.  We don't have a
22  problem because you're going to be out of the picture
23  anyway.
24          MR. FETTEROLF:  We just want the bank released.
25          MR. KEATING:  I wouldn't think you would have a

1   problem with that.
2          MR. FISHER:  Right.  I think that's fine.
3          THE COURT:  So we're good.  I think that's it.
4   Okay.
5          (Court Adjourned.)
6                    C E R T I F I C A T E
7          I certify that the foregoing is a correct
8   transcript from the record of proceedings in the
9   above-entitled matter.

10

11

12

13  s/Cynthia D. Lee_____
    Cynthia D. Lee, Official Court Reporter
14  U.S. District Court - Suite 7-183
    801 W. Superior Avenue
15  Cleveland, Ohio 44113
    (216) 357-7186
16

17

18

19

20

21

22

23

24

25